2002 ME 39

**Gail THOMPSON**

v.

**Paul R. ROTHMAN.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Oct. 15, 2001.

Decided: March 8, 2002.

Judy Potter, Cape Elizabeth, for plaintiff.

D. Michael Noonan, Shaheen & Gordon, P.A., Dover, NH, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, and CALKINS, JJ.

CALKINS, J.

[¶ 1] Gail Thompson appeals from the judgment of the Superior Court (York County, *Brennan, J.*) which vacated the judgment of the District Court (York, *Janelle, J.*) clarifying a provision in the divorce judgment between Thompson and Paul Rothman regarding the distribution of one of the marital assets and remanded the attorney fee determination to the District Court. Because we determine that the District Court correctly utilized its inherent authority to clarify an ambiguous provision in the divorce judgment, we vacate the judgment of the Superior Court.

## I. BACKGROUND

[¶ 2] The only portion of the divorce judgment at issue in this appeal is a provision distributing a Fidelity Spartan account which consisted of stock, mutual funds, and money market funds. The District Court divided the account as follows:

The following marital property is set aside to [Thompson]:

Thirty percent of [Rothman's] Fidelity Spartan account as of 5–15–98, equalling an amount or value of $466,150 in said account, to be distributed to assure equal apportionment with [Thompson] as to tax burden respecting cost bases of stocks. This amount shall be paid to [Thompson] within 30 days.

[¶ 3] Following the entry of the judgment (*Janelle, J.*) in August 1998, both parties moved to amend various aspects of the judgment, requested a new trial, and moved for findings of fact. The court did not issue the findings of fact until October 1999. At that time the court denied the requests for a new trial and amended provisions in the divorce judgment concerning parental rights and responsibilities. Neither party appealed.

[¶ 4] By check dated December 6, 1999, Rothman paid Thompson $466,150. Thompson then moved to enforce financial aspects of the divorce judgment, and she later moved to clarify the provision regarding the Fidelity Spartan account. She alleged that Rothman should have distributed thirty percent of the actual securities in the account to her instead of paying her

in cash. Rothman opposed the motion. The court ruled:

> Due to the Court's delay in issuing Findings of Fact, considerable time passed between the trial and the date on which the judgment became final. It is clear, however, from the language of the Divorce Judgment that Plaintiff Gail Thompson was awarded 30% of the Fidelity Spartan Account.
>
> In light of the foregoing, it is Ordered that:
>
> 1. [Thompson] is entitled to the appreciated or depreciated value of the assets contained in the 30% of the Fidelity Spartan Account as of the date the judgment became final and she became entitled to the distribution thereof.

The court ordered an accounting and ordered Rothman to pay Thompson her attorney fees incurred in her prosecution of the motion. After receiving Thompson's attorney fee affidavit and opposition from Rothman, the court ordered Rothman to pay Thompson's attorney $2025 in fees and costs.

[¶ 5] Rothman appealed to the Superior Court which held that the Fidelity Spartan provision in the judgment was unambiguous, and it meant that Thompson was to get thirty percent of the value of the Fidelity account determined as of May 15, 1998, which amount, as of that date, was $466,150. The Superior Court vacated the order of the District Court, including the District Court's order of attorney fees to Thompson.[1] Thompson timely appealed to this Court.

## II. CLARIFICATION OF THE DIVORCE JUDGMENT

[¶ 6] We review the District Court's judgment directly when the Superior Court has acted in its appellate capacity. *Costa v. Vogel*, 2001 ME 131, ¶ 4, 777 A.2d 827, 828. We have applied a two-part test to determine whether an order clarifying a divorce judgment should stand:

> (1) whether the court's prior judgment was ambiguous as a matter of law; and (2) whether the court's construction of its prior judgment is consistent with its language read as a whole and is objectively supported by the record.

*MacDonald v. MacDonald*, 582 A.2d 976, 977 (Me.1990) (citation omitted); *see also Austin v. Austin*, 2000 ME 61, ¶ 5, 748 A.2d 996, 999. The first question, the existence of an ambiguity, is a question of law that we review de novo. *Staples v. Staples*, 2001 ME 121, ¶ 9, 775 A.2d 378, 380.

[¶ 7] We have suggested that whether a clarification is consistent with the judgment as a whole and supported by the record is also subject to de novo review, at least when the court has not considered extrinsic evidence. *Blanchard v. Sawyer*, 2001 ME 18, ¶ 5, 769 A.2d 841, 843; *Hughes v. Morin*, 2000 ME 135, ¶ 10, 755 A.2d 513, 516; *Bliss v. Bliss*, 583 A.2d 208, 210 (Me.1990). After reconsidering the issue, however, we conclude that de novo review of the resolution of the ambiguity is inappropriate. De novo review

---

1. Although the Superior Court remanded the case to the District Court, the remand was limited to further action on attorney fees. Generally, when the Superior Court remands a case to the District Court for further action, the judgment is not final for purposes of appeal. *See Luchetti v. Luchetti*, 445 A.2d 675, 676 (Me.1982) (per curiam); *MacDougall v. MacDougall*, 403 A.2d 783, 784 (Me.1979). Here, however, the only action left to the District Court under the Superior Court's remand order was to reconsider attorney fees in light of other motions then pending in the case. Because the attorney fee issue was not integral to either the motion for clarification of the judgment or the appeal of the order, the Superior Court's judgment is final for purposes of appeal. *See* M.R. Civ. P. 54(b)(2); *cf. Wheeler v. Me. Unemployment Ins. Comm'n*, 477 A.2d 1141, 1145 (Me.1984).

necessarily implies that there is only one correct answer; but when a provision in a judgment is ambiguous, it is possible that more than one interpretation may be both consistent with the judgment as a whole and supported by the record. In such circumstances, deference to the trial court is appropriate. We will therefore review a court's clarification of an ambiguity in a judgment for abuse of discretion. *Cf. Doucette v. Washburn,* 2001 ME 38, ¶ 7, 766 A.2d 578, 581 (divorce court's "crafting [of] the judgment" is reviewed for abuse of discretion).

■■■ [¶ 8] The focus of this review will remain "whether the court's construction of its prior judgment is consistent with its language read as a whole and is objectively supported by the record," *MacDonald,* 582 A.2d at 977. Other factors may also be relevant to our review of the court's exercise of its discretion, including whether the same judge who issued the original judgment also made the clarification. Deference is particularly appropriate when the same judge is involved at both stages because it is the intention of the court that issued the judgment originally that is controlling. *Greenwood v. Greenwood,* 2000 ME 37, ¶ 9, 746 A.2d 358, 361. Of course, if the parties present extrinsic evidence and the court makes factual findings, we will review those findings for clear error. *See Blanchard,* 2001 ME 18, ¶ 5, 769 A.2d at 843.

■■ [¶ 9] Therefore, in reviewing the clarification of the Fidelity account provisions, we first determine whether the contested provision is ambiguous. The classic definition of an ambiguity is language that is "reasonably susceptible of different interpretations." *Blanchard,* 2001 ME 18, ¶ 4, 769 A.2d at 843 (quoting *Hughes,* 2000 ME 135, ¶ 9, 755 A.2d at 516). The language at issue is ambiguous because it can be interpreted reasonably in two ways. It could mean that Rothman was to pay Thompson $466,150, a sum representing thirty percent of the value of the Fidelity Spartan account, and he was to pay the sum within thirty days. On the other hand, it could be interpreted to mean that Rothman was to transfer thirty percent of the assets in the account to Thompson within thirty days. The provision is sufficiently ambiguous as a matter of law that it requires clarification.

■■ [¶ 10] We next consider whether the court abused its discretion in adopting the interpretation of the original judgment urged by Rothman. The most persuasive argument presented by Thompson regarding the consistency of the clarification with the language of the judgment as a whole is that the phrase "as of 5–15–98, equalling an amount or value of $466,150" indicates that the figure was there for purposes of valuation only. In order to make an equitable distribution, the court had to have evidence of the value of the account, and in order to inform the parties, as well as to make findings sufficient for appellate review, the court had to indicate to the parties the value of the assets being distributed. The above-quoted phrase supports that purpose. In fact, in the clarification order the court states that very reason: "By its terms [the provision] sets aside to Plaintiff Gail Thompson 30% of the Fidelity Spartan Account, which the Court found was $466,150.00 as of May 15, 1998." [2]

---

2. The other argument presented by the parties as to the consistency of the clarification with the language as a whole is unpersuasive. Thompson argues that the clause, "to be distributed to assure equal apportionment ... as to tax burden respecting cost bases of stocks," demonstrates that the court intended a distribution of the assets in the account and not cash. She contends that this language would be superfluous if the court intended that she receive the sum of $466,150. Rothman responds that by paying Thompson in cash he did not pass any tax burden on to her.

[¶ 11] Giving due weight to the fact that the same judge issued both the original judgment and the clarification, we conclude that the clarification is consistent with the judgment read as a whole.[3] We cannot say that the court's interpretation of its judgment exceeded the bounds of its discretion.

The entry is:

Judgment of the Superior Court vacated; remanded to the Superior Court with instructions to affirm the judgment of the District Court.

---

**3.** We do not explore whether the record objectively supports the court's interpretation because neither party has argued this point. Rothman has not called to our attention anything in the record (other than the wording of the provision itself) that is inconsistent with the clarification.