STATE OF MAINE
Knox, S.S., Clerk Office
SUPERIOR COURT

MAY 2 4 2004

RECEIVED AND FILED JRA -KNO- 5/24 2004
Susan Guillette, Clerk

STATE OF MAINE

KNOX, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-03-013

JOANNE E. HARDY,
personally and as personal
representative of the
Estate of David C. Hardy,

     Plaintiff

v.

JOAN S. ASBURY, f/k/a
JOAN S. HARDY,
CHRISTOPHER HARDY,
JAMES R. POTTER and
HARRIET C. KERNS,

     Defendants

**DECISION AND ORDER**

DONALD L. GARBRECHT
LAW LIBRARY

MAY 26 2004

The defendants in this matter have filed two motions to dismiss which are to be acted upon via this decision and order. The first motion was filed by defendants Joan S. Asbury, f/k/a Joan S. Hardy (Asbury) and her son, Christopher Hardy (Christopher). The motion also seeks Rule 11 sanctions against the plaintiff. The second motion was filed by defendants James R. Potter (Potter) and Harriet C. Kearns (Kearns).[1] Both motions seek final disposition of this case in favor of the respective movants.

The second motion was filed on August 25, 2003. It contains the customary notice prescribed by M.R. Civ. P. 7(b)(1)(A) which warns its reader that a reply must be filed within 21 days and that the failure to do so "will be deemed a waiver of all objections" to the motion. Therefore, in order to avoid a waiver, the plaintiff was required to file her opposition to the motion on or before September 16, 2003. Instead, her opposition was filed on September 22, 2003 – six days late. No motion pursuant to

---

[1] Defendant Kearns' name is spelled Kerns in the caption of the complaint but spelled Kearns thereafter; the court assumes the second spelling is correct.

M.R. Civ. P. 6(b) was filed to enlarge the time for filing the response to these defendants' motion to dismiss. Accordingly, by the plain mandate of M.R. Civ. P. 7(c)(3), the plaintiff "shall be deemed to have waived all objections to the motion." That being so, this motion to dismiss will be granted.

The plaintiff did file a timely response to Asbury's and Christopher's joint motion to dismiss and their request for Rule 11 sanctions. The request for sanctions was withdrawn at argument on the motions and the court will decline the plaintiff's invitation to impose costs on these defendants to reimburse the plaintiff for her efforts to respond to the request for sanctions. What remains, then, is the need to address the merits of this motion to dismiss.

Asbury and Christopher rely on M.R. Civ. P. 12(b)(6) as the basis for their motion; that is, they claim that Joanne Hardy (Joanne), the plaintiff, has failed to state a claim in her complaint "upon which relief can be granted." A motion relying on this rule challenges the legal sufficiency of the complaint. *Plimpton v. Gerard*, 668 A.2d 882, 885 (Me. 1995). When reviewing a Rule 12(b)(6) motion, the court is to "consider the material allegations of the complaint as admitted and review the complaint in the light most favorable to the plaintiff[s] to determine whether it sets forth elements of a cause of action or alleges facts that would entitle plaintiff[s] to relief pursuant to some legal theory." *Bussell v. City of Portland*, 1999 ME 103, ¶ 1, 731 A.2d 862, 863. "A dismissal is appropriate only 'when it appears beyond doubt that a plaintiff is entitled to no relief under any set of facts that [s]he might prove in support of [her] claim.'" *Dexter v. Town of Norway*, 1998 ME 195, ¶ 7, 715 A.2d 169, 171 (quoting *McAfee v. Cole*, 637 A.2d 463, 465 (Me. 1994)).

Because the court, in reviewing a motion of this nature, is to accept the facts in the complaint as admitted by the defendants, they may be restated here in an abbreviated form as derived from this pleading:

David C. Hardy (David) was married to Asbury, and the two of them purchased property in 1971 in Camden. The property was purchased during their marriage and was held by them as joint tenants.[2] They had a son, Christopher, a defendant in this action who is now an attorney-at-law.

On May 15, 1986, David and Asbury were divorced. At paragraph 5 in the divorce judgment, the District Court addressed the disposition of the parties' Camden property as follows:

> 5.      The parties agree and this Court finds that there is marital property consisting of a certain lot or parcel of land located on the Belfast Road in Camden, Maine, described in a deed recorded at Book 524, page 394 and Book 852, Page 01, in the Knox County Registry of Deeds. This Court sets aside to the Plaintiff the right of exclusive use, possession and enjoyment of said real estate for as long as the Plaintiff wishes. At the time of the Plaintiff's death, or when the Plaintiff desires, the property shall be sold and the net proceeds shall be equally divided between Plaintiff and Defendant. The Plaintiff's actual tenancy of said real estate is not a requisite condition, and Plaintiff shall have the right to rent the property to others during said period of time. The Plaintiff shall pay the taxes, insurance and necessary repairs during the period of time she has the exclusive use and possession of said property, and expenses for taxes, insurance and necessary repairs will be reimbursed to the Plaintiff from the proceeds of sale when it takes place.
>
> In the event of the death of the Plaintiff, the property shall be sold and Plaintiff's share of the proceeds from said sale shall be paid to her estate; the Defendant's share of the proceeds from the sale shall be paid over to the Defendant or to the Defendant's estate, as the case may be. In the event that the Defendant predeceases the Plaintiff, the sale of said real estate is not mandatory.

---

[2] Although the complaint does not so state, the parties throughout their submissions in this debate refer to the property as marital.

The divorce judgment also ordered, as the parties had agreed, that their settlement agreement of April 30, 1986, was incorporated into the judgment.[3] That agreement provided for the disposition of the Camden property in language nearly the same as the divorce judgment had used with the additional sentence, however, at the end of this provision in the agreement which read:

> However, in the event Husband is not alive when the sale of said real estate does take place, the share of he (sic) proceeds therefrom to which he would otherwise be entitled shall be paid to his estate.

An abstract of the divorce decree was promptly filed in the Knox County Registry of Deeds.

David married Joanne in 1988. He died on March 3, 1999, and Joanne became his estate's personal representative. David's entire estate was devised to her, including the Camden property. Accordingly, Joanne recorded a deed of distribution in the Knox County Registry of Deeds on October 18, 1999, which recited that this conveyance of the estate's interest in this property to her was subject to the terms of the divorce judgment, "including the right of David C. Hardy or his estate to one-half (1/2) of the net proceeds of sale of the premises." Complaint, ¶ 10, Exhibit 5.

On November 12, 1999, Asbury sold a portion of this Camden property to Susan R. Blake for approximately $140,000. The warranty deed reflecting this transaction was drafted by Christopher who also notarized Asbury's signature. The deed described Asbury's interest as one of "full title" which vested in her "as surviving joint tenant." Complaint, ¶ 11, Exhibit 6.

---

[3] Again, the complaint does not reference the settlement agreement, but, apparently, all parties agree that it existed and was made part of the judgment.

On or about July 16, 2001, Susan R. Blake transferred her interest in this portion of the Camden property to defendants Potter and Kearns. Joanne asserts that Christopher drafted this deed and notarized Blake's signature.

Joanne was never notified by the defendants of the transfer of the Camden property to Blake and has never been provided any share of the proceeds of this sale.

Joanne has expressed her grievances against the defendants in 10 counts which can be grouped into three categories. The first of these, Counts One through Seven, are directed against Asbury as to all counts and Christopher as to Counts Four, Six and Seven. Restated in a generalized way, the counts against Asbury alone, Counts One, Three and Five, allege that she sold a portion of the Camden property to Blake and retained the proceeds of the sale without giving David's estate its share in the proceeds of this sale to which it was entitled under the terms of the divorce judgment and incorporated settlement agreement.

Counts Four, Six and Seven, which are brought against both Asbury and Christopher, can be restated in an abbreviated way as claims that they colluded to breach a duty to Joanne, as David's personal representative and devisee, and converted her share of proceeds from the sale of the Camden property, intentionally harmed Joanne's interests in this property by selling it and retaining the proceeds while knowing of the estate's legal interest in it, and committed these torts against Joanne and the estate with express or implied malice so that punitive damages ought to be awarded.

Finally, in Count Ten, Joanne asks for a declaration of the respective rights of Asbury and her in so much of the property which Asbury and David once held jointly but was not sold to Blake, i.e., the "Retained Portion" Complaint, ¶ 52.

The central premise of the motion to dismiss filed by Asbury and Christopher is that Maine law would not permit a divorce judgment to sever the joint tenancy of the divorcing parties. That being so, they say, by operation of law the surviving joint tenant receives full title by right of survivorship. Thus, they reason, because Asbury survived David, she is entitled to sole title in the Camden property as a result of his death. Accordingly, Asbury says she had the right to sell a portion of this previously jointly held property to Susan Blake, and retain the proceeds of that sale as well as the rest of the property that was not sold.

In support of this argument, the defendants cite the case of *Poulson v. Poulson*, 145 Me. 15, 70 A.2d 868, 870-872 (Me. 1950) for the proposition that "[d]ivorce, in and of itself, does not affect the joint tenancy of husband and wife . . ." therefore, "[t]he surviving joint tenant [of divorced parties] holds the entire estate . . . by right of the instrument creating the joint tenancy." *Poulson*, 70 A.2d at 870-871. That being the law, defendants say, the failure of the divorce judgment to sever the joint tenancy means that Asbury was entitled to the whole as the surviving joint tenant. *See Weber v. Allen*, 574 A.2d 1362, 1364-65 (Me. 1990).

In response to this argument, Joanne first points out that when interpreting a potentially ambiguous divorce judgment, the court, in the absence of testimonial evidence, may turn to the parties' settlement agreement included in the divorce judgment to determine the parties intent as to the division of marital assets. *Staples v. Staples*, 2001 ME 121, ¶¶ 9-10, 775 A.2d 378, 380-381.

Thus, when adding the last sentence of paragraph "second" of the settlement agreement to paragraph 5 of the divorce judgment, it appears that the parties intended that when Asbury died or sold the Camden property, one-half the proceeds of that sale would be paid to David or his estate if he died before the sale occurred.

Not only is this a reasonable interpretation of the divorce judgment and settlement agreement when those documents are read together, the case of *Fitzgerald v. Trueworthy*, 476 A.2d 183, 185-186 (Me. 1984) holds that a divorce judgment may divide jointly held property by imposing on a party the personal obligation to, in effect, carry out a partition of their jointly held property by sale. The satisfaction of this obligation, the case holds, may be deferred to a later date and be contingent upon a particular event.

In the court's view, the plaintiff is correct that the holding in *Fitzgerald v. Trueworthy, id.*, is directly applicable to the case at bar. That is, the divorce judgment and settlement agreement placed upon Asbury the affirmative in personam obligation to pay to David or his estate one-half the proceeds of the sale of the Camden property when she elected to sell it. Because, it is claimed, Asbury has failed to pay David's estate its share of these proceeds and has retained those proceeds as against the estate's claim to them, the conversion count against her may not be dismissed as it appears that the alleged facts and law support this cause of action.

The same conclusion must apply to Count Two of the complaint which seeks the imposition of a constructive trust on Asbury to hold the sale proceeds of the Camden property sale for the benefit of David's estate. As noted, *supra*, Asbury had an in personam obligation to pay over to David's estate one-half of the monies derived from the sale of their property. Maine law provides that a party who retains property which a divorce decree requires to be distributed to others is subject to a court-ordered constructive trust to accomplish the purposes of that judgment. *Ridgway v. Prudential Ins. Co. of America*, 419 A.2d 1030, 1031 (Me. 1980) (rev'd on other grounds sub nom. *Ridgway v. Ridgway*, 454 U.S. 46 (1981)). Moreover, contrary to the defendants' argument, a constructive trust does not require the existence of a fiduciary relationship

but may be imposed in a variety of circumstances in which a party wrongfully withholds another's property, including one which involves an allegation of conversion. *See* Horton & McGehee, MAINE CIVIL REMEDIES, § 9.3-5; 76 Am.Jur.2d, § 213 *et seq.* Thus, because a constructive trust may lawfully be imposed where no fiduciary relationship needs to be proven, the special rules of pleading in such a circumstance, as specified in *Bryan R. v. Watchtower Bible & Tract Soc.*, 1999 ME 144, ¶ 21, 738 A.2d 839, 847, do not apply here.

With respect to Counts Three and Four which are entitled, respectively, "Negligence" and "Acting in Concert," the defendants offer no argument in their memorandum as to why these claims cannot proceed. That being so, the court will also decline to dismiss these counts.

Count Five alleges fraud and, as the defendants have argued, such a cause of action "must be stated with particularity." M.R. Civ. P. 9(b). The court understands this mandate to mean that the complaint must recite the five elements of fraud as set out in the oft-cited case of *Letellier v. Small*, 400 A.2d 371, 376 (Me. 1979), and must do so in more than a cursory manner. In the court's view, the complaint fails this test, even when read in the forgiving manner required when the examination of a pleading is generated by a motion to dismiss. None of the five elements of fraud are articulated in the complaint, and none of the facts alleged, taken separately or together, would satisfy the requirement to express any one or all of the elements of fraud with particularity. Accordingly, Count Five must be dismissed as it does not satisfy the prescription for pleading fraud as set out in M.R. Civ. P. 9(b).

The defendants offer no legal argument in their motion why Count Six, "Intentional Harm to a Property Interest" ought to be dismissed. Apparently, though, according to their reply memorandum, this count ought to be dismissed as to

Christopher because the complaint simply alleges that he, as Asbury's attorney, drafted the deed from her to Blake and notarized her signature on this instrument. Later, according to the complaint, Christopher drafted the deed conveying the property from Blake to defendants Potter and Kearns. These are characterized as actions "to interfere with Plaintiff's property interest and did deprive Plaintiff of her property interest in the Blake Portion." Complaint, ¶ 38.

Nothing in the complaint or the plaintiff's reply memorandum explains how Christopher, an attorney-at-law, is civilly culpable for drafting the deeds which conveyed the Camden property to others. The allegation of some degree of culpability is necessary before one may be held liable for the tort of intentional harm to a property interest. RESTATEMENT OF THE LAW SECOND, TORTS 2d, § 871, A.L.I. 1977. Because the complaint is silent as to any basis on which Christopher may be held liable on this theory of recovery, this count must be dismissed as to him.

The defendants' motion seeks dismissal of Count Seven which seeks punitive damages, but neither their memorandum nor their reply memorandum provides any reason why this count should be dismissed. There being no articulated reason to dismiss this count, the motion will be denied as to this part of the plaintiff's case.

The same observation is to be made as to Count Ten which asks for a declaration of the respective rights of Joanne and Asbury in that portion of the Camden property which has not been sold. The motion will be denied as to this count as the defendants have provided no reason for its dismissal.

For the reasons stated herein, the clerk is DIRECTED to make the following entries:

Certain Defendants Motion to Dismiss Complaint Pursuant to Rule 12(b)(6) . . . Motion for Sanctions Pursuant to Rule 11 . . . is DENIED in part and GRANTED in part. The motion is GRANTED as to Count Five and Count Six as to Defendant Christopher Hardy; the motion is DENIED as to the remaining counts. Count Five is DISMISSED. Count Six is DISMISSED as to defendant Christopher Hardy only. Motion for Sanctions is WITHDRAWN. Defendant Potter's and Kearns's Motion to Dismiss Pursuant to Rule 12(b)(6) . . . is GRANTED. The case against defendants James R. Potter and Harriet C. Kearns is hereby DISMISSED.

So ordered.

Dated: May ___ 2 ___, 2004

John R. Atwood
Justice, Superior Court

JOANNE E HARDY - PLAINTIFF
659A PULHAM COURT
MANCHESTER NJ 08759
Attorney for: JOANNE E HARDY
C ALAN BEAGLE
BEAGLE & RIDGE, LLC
26 CITY CENTER
PO BOX 7044
PORTLAND ME 04112-7044


vs
JOAN S ASBURY - DEFENDANT
COTTAGE ST
HOPE ME 04847
Attorney for: JOAN S ASBURY
ROBERT J RUBIN
LAW OFFICES OF ROBERT J. RUBIN
480 WEST STREET

ROCKPORT ME 04856


CHRISTOPHER D HARDY - DEFENDANT
11 ELM ST
CAMDEN ME 04843
Attorney for: CHRISTOPHER D HARDY
ROBERT J RUBIN
LAW OFFICES OF ROBERT J. RUBIN
480 WEST STREET

ROCKPORT ME 04856


JAMES R POTTER - DEFENDANT
15 CLAYBROOK RD
CAMDEN ME 04843
Attorney for: JAMES R POTTER
JUDY METCALF
EATON PEABODY ET AL
PO BOX 9
167 PARK ROW
BRUNSWICK ME 04011


HARRIETT C KERNS - DEFENDANT
15 CLAYBROOK RD
CAMDEN ME 04843
Attorney for: HARRIETT C KERNS
JUDY METCALF
EATON PEABODY ET AL
PO BOX 9
167 PARK ROW
BRUNSWICK ME 04011


Alias: JOAN S HARDY

Filing Document: COMPLAINT
Filing Date: 07/14/2003

SUPERIOR COURT
KNOX, ss.
Docket No ROCSC-RE-2003-00013


**DOCKET RECORD**

Minor Case Type: EQUITABLE REMEDIES