2004 ME 110

**STATE of Maine**

v.

**John FORBIS.**

Supreme Judicial Court of Maine.

Submitted on Briefs: July 9, 2004.

Decided: Aug. 16, 2004.

Stephanie Anderson, District Attorney, Julia Sheridan, Asst. Dist. Atty., Portland, for State.

Peter J. Cyr, Law Office of Anthony J. Sineni III, L.L.C., Portland, for defendant.

Panel: SAUFLEY, C.J., and RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

ALEXANDER, J.

[¶ 1] John Forbis appeals the judgment of the Superior Court (Cumberland County, *Warren, J.*) finding that he had violated the terms of his probation, revoking probation and imposing a jail sentence pursuant to 17–A M.R.S.A. § 1206 (Supp.2003). Forbis asserts that prior to the time of the events leading to the revocation of his probation, his probation had been terminated as a result of a plea agreement and court order, and that the court had no authority to retroactively amend that prior order to reinstate his probation. We agree and vacate the judgment.

## I. CASE HISTORY

[¶ 2] In 1998, John Forbis pled guilty to a number of motor vehicle violations. He received sentences which included three years of incarceration, followed by four years of probation. In 2003, Forbis was on probation for those offenses. In January 2003, Forbis was charged with a violation of his probation as a result of a positive test for a prohibited substance. In March 2003, Forbis appeared before the court (*Bradford, A.R.J.*) and admitted the probation violation. The discussion regarding the agreed disposition for the probation violation was very brief, as follows:

> THE COURT: [The] Court accepts your admission. Is there a recommendation here please?

[THE PROSECUTOR]: There is, Judge. We are asking for an unconditional discharge, just a finding he is in violation.

THE COURT: Fine, unconditional discharge.

[FORBIS ATTORNEY]: Fine.[1]

[¶ 3] Following this discussion, a revocation of probation form was filled out and then signed by the court. On the disposition section of the form, the court filled in a preprinted statement, but did not check off the box next to the statement. With the words "unconditional discharge" filled in, the preprinted disposition statement read as follows: "The court orders that the defendant serve *unconditional discharge* of the suspended portion of the sentence and the defendant's probation is terminated. This order shall be attached to and made a part of the judgment." On the preprinted form, the words "probation is terminated" were underlined in pen. The docket entries for that event also indicate that "probation is terminated."

[¶ 4] In April, June, and August 2003, probation revocation motions were filed indicating that Forbis had used marijuana in violation of his probation. In September 2003, Forbis filed a motion to dismiss the State's motion to revoke probation, asserting that his probation had been terminated. After a hearing, the court, (*Crowley, J.*), denied Forbis's motion to dismiss and amended the March order terminating Forbis's probation to indicate that probation was continuing. The order amending the March order was purportedly entered pursuant to M.R.Crim. P. 50, authorizing correction of clerical mistakes in judgments or orders.[2] Because the change in

---

1. In this context, it is evident that the words "fine" are to be equated with "okay," not a monetary penalty.

2. M.R.Crim. P. 50 states:

> Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party

the March 2003 disposition was viewed as correcting a clerical mistake, Forbis was not afforded the opportunity to withdraw his admission to the probation violation. An opportunity to withdraw an admission to a probation violation is required by 17–A M.R.S.A. § 1206(7–D)(D) (Supp.2003), if a disposition to be ordered by the court is less favorable to a defendant than the defendant and the State had agreed upon.

[¶ 5] At hearings in December 2003 and January 2004, the court (*Warren, J.*) determined that the September 2003 amendment applied retroactively, found that Forbis had violated his probation conditions as a result of events subsequent to March 2003, and sentenced Forbis to a partial revocation of probation of ninety-five days with probation to continue.

[¶ 6] Because consideration of appeals from probation revocation decisions is a matter committed to our discretion, Forbis filed a notice of appeal and a memorandum requesting a certificate of probable cause to be allowed to present the merits of his appeal pursuant to M.R.App. P. 19 and 17–A M.R.S.A. § 1207(2) (Supp.2003). We issued a certificate of probable cause authorizing consideration of the merits of Forbis's appeal.

## II. LEGAL ANALYSIS

[¶ 7] When there is an ambiguity in a trial court's judgment, the trial court has authority to interpret the judgment within the range of a reasonable exercise of discretion. *Thompson v. Rothman*, 2002 ME 39, ¶¶ 6–8, 791 A.2d 921, 923–24. We examine the whole record to determine the actual decision made by the sentencing

court, notwithstanding any inaccuracy that may be reflected in a written judgment. *See State v. Hutchinson*, 593 A.2d 666, 667 (Me.1991).

[¶ 8] For rules of interpretation to apply, there must be some distinction or ambiguity between the oral pronouncement of the disposition and the written judgment. In this case, the prosecutor recommended and the court imposed a disposition of unconditional discharge. Contemporaneously with that event, the court and Forbis both signed a probation violation order which, in its disposition section, indicated "unconditional discharge" and also that "probation is terminated." [3]

[¶ 9] An unconditional discharge is a sentence that may be imposed by the court when the "court determines that no other authorized sentencing alternative is appropriate punishment ...." 17–A M.R.S.A. § 1346 (Supp.2003). *See also State v. Trott*, 2004 ME 15, ¶¶ 11–12, 841 A.2d 789, 792. The court's order, terminating Forbis's probation, is consistent with the term "unconditional discharge." Therefore, there is no ambiguity as between the court's oral pronouncement of disposition and the written judgment.

[¶ 10] Correction, or rather, change of the judgment by invoking the clerical error provisions of M.R.Crim. P. 50 was not appropriate. A clerical error amendment can correct a discrepancy between the oral pronouncement of sentence and the written sentencing order. However, the clerical error provisions cannot be invoked when no clerical error appears in the contemporaneous pronouncement of

and after such notice as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter, while the appeal is pending

may be so corrected with leave of the appellate court.

3. Forbis signed a statement that read, "I understand the above order and acknowledge receipt of a copy of this order."

sentence and execution of the written sentencing order, and the claim of clerical error is based on the State's desire to change from the agreed "unconditional discharge" disposition. That disposition, imposing an unconditional discharge and terminating probation, occurred in March 2003. Any subsequent effort to change that disposition, reinstate Forbis's probation, and find a probation violation based on events occurring after March 2003, was invalid. *See State v. Shackelford,* 672 A.2d 1097, 1098–99 (Me.1996) (holding that a court may not change the term of sentence by subsequent amendment after the sentence becomes final). Forbis's motion to dismiss the subsequently filed motions for violation of probation should have been granted.

The entry is:

Judgment vacated.