2006 ME 114

**Constance STOCKWELL**

v.

**Roger STOCKWELL.**

Supreme Judicial Court of Maine.

Submitted on Briefs: July 18, 2006.
Decided: Sept. 21, 2006.
Revised Oct. 31, 2006.

Stephen C. Whiting, The Whiting Law Firm, P.C., Portland, for plaintiff.

Robert A. Laskoff, Scott Quigley, Laskoff & Associates, Lewiston, for defendant.

Panel: SAUFLEY, C.J., and DANA, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

DANA, J.

[¶ 1] Constance Stockwell appeals from a judgment entered in the District Court (Lewiston, *Beliveau, J.*) denying her motion to enforce a divorce judgment. She contends that the court erred in determin-

ing that she is not entitled to certain property. We agree, vacate the judgment and remand for further proceedings.

## I. BACKGROUND

[¶2] Constance and Roger Stockwell were married in 1979 and divorced on April 2, 2004. They reached a settlement agreement, which was placed on the record at a non-testimonial recorded hearing on February 11, 2004. The court instructed Roger's counsel to draft a judgment incorporating the agreement. After obtaining approval from Constance's attorney, he submitted the judgment to the court for signature on March 29, 2004. The judge signed the judgment, which contained no findings of fact or conclusions of law, on April 1, 2004. There was no formal written settlement agreement incorporated into the judgment.

[¶3] The judgment granted Roger sole and exclusive use of real property located at 55 Key Hill Road and ordered him to pay the mortgage, taxes, and insurance on the property. There are three buildings on this property: a single family home, where Roger resides; a storage barn; and a building that housed Roger's business.

[¶4] In the judgment, the court acknowledged that Roger was trying to sell his business and ordered Roger and Constance to split the proceeds from any sale "after payment of all debts and costs of sale." The court also ordered the parties to divide equally any other assets that were not specifically addressed in the judgment.

[¶5] On March 31, 2004, after the draft judgment had been submitted to the court, but before the judgment had been signed,

Roger sold the business assets to RBW, Inc., but retained the corporation (changing its name to Roger B. Stockwell, Inc.), and the existing accounts receivable and payable. As part of the sale, Roger and RBW, Inc. executed a lease, effective April 1, 2004, in which Roger agreed to rent the business portion of 55 Key Hill Road to RBW, Inc. for use by Design Fab. Roger used some of the money from the sale of Design Fab to pay off the mortgage for 55 Key Hill Road.[1]

[¶6] After the closing, Roger paid Constance $8278 reflecting one-half of the cash received for the business *after* retiring the mortgage.[2] In April, May, and June of 2004, Roger paid Constance one-half of the lease payments from RBW, Inc. Since then he has set aside one-half of the lease payments in an escrow account. Roger never paid Constance any portion of the accounts receivable he collected.

[¶7] In November 2004, Constance filed a motion to enforce the divorce judgment, claiming to be entitled to: (1) one-half of the business proceeds that Roger used to pay off the mortgage; (2) one-half of the monthly lease payments for the business portion of 55 Key Hill Road; and (3) one-half of the accounts receivable that Roger collected. After a two-day hearing, the court concluded the judgment did not entitle Constance to any of this property and denied her motion. She appeals.

## II. DISCUSSION

■■■ [¶8] The existence of an ambiguity in a judgment is a question of law that we review de novo. *Thompson v. Rothman*, 2002 ME 39, ¶6, 791 A.2d 921, 923.

---

1. The mortgage was listed as an expense of Design Fab's in the closing documents.

2. In addition to the $16,577 cash and the retirement of the mortgage ($74,723.91) and

the payment of a bank loan and closing costs, Roger received, at the closing, notes totaling $177,238, payable over time with interest.

A provision in a judgment is ambiguous when it contains language that is "reasonably susceptible of different interpretations." *Id.* ¶ 9, 791 A.2d at 924 (quoting *Blanchard v. Sawyer,* 2001 ME 18, ¶ 4, 769 A.2d 841, 843).

## A. The Business Proceeds Used to Pay the Mortgage

[¶ 9] Constance argues she is entitled to one-half of the business proceeds Roger used to pay off the mortgage on 55 Key Hill Road. She contends the divorce judgment unambiguously required Roger to pay the mortgage personally and the court erred in considering extrinsic evidence. Roger asserts there is no provision in the judgment that required him to pay the mortgage "solely and personally" or "out of his own pocket," and he contends the mortgage was a business debt because Design Fab, Inc. was a guarantor of the mortgage.

[¶ 10] The divorce judgment provides, in pertinent part:

> 3. **Real Estate.** The marital real estate shall be divided as follows:
>
> . . . .
>
> F. [Roger] shall be entitled to sole and exclusive occupancy of the property located at 55 Key Hill Road, Greene, Maine, which consists of a single family home and the structure presently used by the business known as Design Fab, Inc. *[Roger] shall be responsible for the mortgage, taxes and insurance on said premises.* When said premises are sold, any proceeds after all expenses and costs shall be divided equally between the parties.
>
> . . . .
>
> 4. **Business Property**. . . . Upon the sale of [Design Fab], after payment of all debts and costs of sale, the *proceeds shall be divided equally between the parties* except that any funds attributable to any non-compete clause shall be set aside in fee to [Roger]. The business includes any accounts receivable, down payment or notes involved in the completion of the sale, as well as any and all other assets of the business other than said non-compete clause.
>
> In the event that the business does not sell, then the assets of the business shall be sold and after payment of all costs and expenses attributable to the business, as well as reasonable salary of $180.00 per week to [Roger], the proceeds shall be divided equally between the parties.
>
> [Constance] shall have the opportunity to review the business records to ensure that the business is being sold for the price stated to her. [Roger] shall keep [Constance] abreast of the sale of the business and timely inform her regarding all aspects of the sale.
>
> . . . .
>
> 7. **Debts.** Except as otherwise set forth in this Judgment, *each party is solely responsible for* any debt(s) in his or her name and *any debt(s) on the property awarded to that party in this Judgment* and shall indemnify and hold the other party harmless from such debt(s).

 [¶ 11] The divorce judgment, taken as a whole, is not ambiguous regarding the payment of the mortgage. When the court awarded Roger sole and exclusive occupancy of the property at 55 Key Hill Road, it ordered Roger, not Design Fab, Inc., to be responsible for the mortgage on the property. This provision of the judgment would be rendered meaningless if the mortgage note was a corporate debt to be deducted from the sale proceeds. Further, pursuant to paragraph seven of the

judgment, "each party is solely responsible for ... any debt(s) on the property awarded to that party." Finally, Constance's acceptance of $8278 did not foreclose her from enforcing the judgment to the full extent of her entitlement. Therefore, the court erred in denying Constance one-half of the sale proceeds used by Roger to retire the mortgage.[3]

## B. The Lease Payments

■ [¶ 12] Constance next argues that she is entitled to one-half of the lease payments that Roger is currently receiving from the new owners of Design Fab. She contends that paragraph five of the judgment unambiguously awards her one-half of the assets not addressed in the judgment, which includes these contract rights. Roger disagrees.

[¶ 13] The pertinent part of the divorce judgment is:

5. **Personal Property**.... Each party shall complete [a] list of all assets that they have and shall sign said document under oath. *Any other assets that are not taken care of in this Judgment shall be divided equally between the parties.*

(Emphasis added.)

[¶ 14] In its order denying Constance's motion to enforce, the court did not discuss the applicability of this paragraph to the lease payments, relying instead on paragraph three, which awarded Roger use of the property at 55 Key Hill Road. From that paragraph alone, the court concluded that the judgment unambiguously did not include the lease payments. We disagree. The contract right to receive lease payments is an asset of the parties that should be divided equally pursuant to paragraph five. The plain language of this provision unambiguously divides equally any assets not provided for in the judgment.[4] The lease was not provided for in the judgment. Therefore, the court erred by concluding that, pursuant to the judgment, Constance was not entitled to one-half of the lease payments.

## C. The Accounts Receivable

■ [¶ 15] Constance finally argues that the divorce judgment unambiguously awarded to her one-half of the accounts receivable that Roger retained. She contends that the court erred in concluding that she was not entitled to any amount of the receivables, and the court should have calculated what amount she is entitled to receive. We agree.

[¶ 16] The pertinent part of the divorce judgment is:

4. **Business Property.** [Roger] is presently trying to sell the business

---

3. Paragraph 3F of the divorce judgment provides that when the 55 Key Hill Road property is sold the net proceeds after paying off the mortgage note are to be divided equally by the Stockwells. Roger argues that by requiring him to bear the entire burden of his early retirement of that note, Constance may, when and if the property is sold, receive a windfall. Such a windfall may be abated, however, if the court provides that from her share of the net proceeds of any sale of the 55 Key Hill Road property there is deducted an amount equal to one-half of what the balance of the mortgage would have been had it not been retired earlier. If the parties are unable to agree upon the amortization schedule of the now retired note, the court may be required to take additional evidence on that issue.

4. Roger contends that the lease was not an asset at the time the divorce judgment was signed because the lease was not effective until April 1, 2004, the same day the judgment was signed. We disagree. The lease was executed on March 31, 2004, the day before the judgment was signed. Thus, the lease was an asset in existence at the time of the divorce. Further, pursuant to the divorce judgment, Roger had the use of the property, but any sale proceeds, net of the mortgage, were to be divided.

known as Design Fab, Inc. There is presently a letter of intent to purchase said business. *Upon the sale of said business, after payment of all debts and costs of sale, the proceeds shall be divided equally between the parties* except that any funds attributable to any non-compete clause shall be set aside in fee to [Roger]. The *business includes any accounts receivable, down payment or notes involved in the completion of the sale, as well as any and all other assets of the business* other than said non-compete clause.

(Emphasis added.)

[¶ 17] By the plain language of this paragraph, the business included the accounts receivable, the proceeds of which were to be split between the parties. Roger does not avoid this result by collecting the accounts himself rather than selling them to the buyer. Further, Roger admitted in his testimony that the parties agreed to split the accounts receivable after payment of all accounts payable. The court, therefore, erred by denying Constance's motion to enforce the provision awarding her one-half of the accounts receivable. We remand to the District Court to resolve the amount owed to Constance.[5]

The entry is:

Judgment vacated. Remanded to the District Court for further proceedings consistent with this opinion.

---

**5.** Constance also contends that she should be awarded her attorney fees that she has incurred enforcing the divorce judgment. We remand for reconsideration. *See Prue v. Prue,* 420 A.2d 257, 260 (Me.1980) ("Motions for attorneys fees on appeal in divorce cases properly lie in the [trial] court on remand.").