---

William Thomas Hyde, Merrill, Hyde & Fortier, Skowhegan, for plaintiffs.

James MacMichael, MacMichael & Talbot, Skowhegan, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

ROBERTS, Justice.

Christine, Eugene, and Frank Bolduc appeal from a judgment entered in the Superior Court (Somerset County, *Kravchuk, J.*) declaring that they had abandoned a private easement over the abutting property of their neighbor, Dale Watson. The Bolducs contend that the court erred in deciding the issue of abandonment because Watson failed to raise it as an affirmative defense in his answer to their complaint and in finding that they had abandoned the easement. We affirm the judgment.

The disputed easement, which borders the adjoining lots now owned by the Bolducs and Watson, was dedicated as a public way in a subdivision plan filed in 1923 in the registry

### Christine L. BOLDUC et al.

v.

### Dale WATSON.

Supreme Judicial Court of Maine.

Submitted on Briefs March 1, 1994.

Decided April 1, 1994.

of deeds. Although dedicated, the way was never accepted by the Town of Skowhegan.[1] Watson held a deed to the portion of the way running along his property and, in 1984, built a garage on that portion. The Bolducs did not file a complaint against him until 1990. Watson's answer contained two defenses: the Bolducs' complaint failed to state a claim for which relief could be obtained, and they did not possess a right-of-way. He did not raise abandonment expressly.

 An affirmative defense is ordinarily deemed waived if it is not pleaded. *Federal Deposit Ins. Corp. v. Notis*, 602 A.2d 1164, 1165 (Me.1992). "An affirmative defense, however, may be adequately pleaded even though the specific words are not used." *Id.* "The conception underlying [M.R.Civ.P. 8] is that the function of the complaint is to give fair notice of the claim, and this may be '. . . sufficiently performed by a rather generalized statement.'" *Casco Bank & Trust Co. v. Rush*, 348 A.2d 239, 241 (Me.1975) (citation omitted). The Bolducs were sufficiently apprised of the abandonment issue. The pretrial order stated that the parties agreed to convert the case to an action for declaratory judgment to determine whether the Bolducs had an implied easement. In addition, after the witnesses testified the court gave both parties two weeks to file memoranda on the issue. "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." M.R.Civ.P. 15(b). *See also Inniss v. Methot Buick–Opel, Inc.*, 506 A.2d 212, 218 (Me.1986); *Blue Spruce Co. v. Parent*, 365 A.2d 797, 802 (Me.1976). *Cf. Desotell v. Szczygiel*, 338 Mass. 153, 154 N.E.2d 698 (1958) (failure to plead affirmative defense of abandonment does not preclude court's review of the merits).

With respect to the court's finding that the easement had been abandoned, there was clear and convincing evidence that the Bolducs had never improved the way or utilized the easement, and that they had acquiesced for six years in the building of the garage before complaining. The history of nonuse, coupled with the intention to abandon demonstrated by the Bolducs' failure to object to the garage when it was built, are sufficient to establish abandonment. *Phillips v. Gregg*, 628 A.2d 151, 152 (Me.1993); *Canadian Nat'l Ry. v. Sprague*, 609 A.2d 1175, 1179 (Me.1992).

The entry is:

Judgment affirmed.

All concurring.

---

1. The Bolducs did not rely on dedication and neither party discussed dedication or cited 23 M.R.S.A. § 3027(1) (1992), which provides for vacating proposed town ways in subdivisions and reads in pertinent part as follows:

Where proposed town ways have been described in a recorded subdivision plan and lots have been sold with reference to the plan, the municipal officers, after notice to the municipal planning board or office, may, on their own initiative, on petition of the abutting property owners or on petition of any person claiming a property interest in the proposed way, vacate in whole or in part proposed ways that have not been accepted.

We need not address and intimate no opinion on the consequences of Watson's failure to seek a vacation pursuant to section 3027(1).