1998 ME 253

**Todd FRASER**

v.

**Joanne BOYER.**

Supreme Judicial Court of Maine.

Argued Nov. 4, 1998.

Decided Nov. 25, 1998.

Richard W. Hall (orally), Hall & Lunn, Bangor, for plaintiff.

Richard C. Cleary (orally), Cleary v. Gordon, P.A., Houlton, for defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

ALEXANDER, J.

[¶ 1] Joanne Boyer appeals from an order of the Superior Court (Aroostook County, *Pierson, J.*) affirming a post-judgment order of the District Court (Caribou, *Daigle, J.*) awarding primary physical residence of her son, Michael Fraser, to her former husband, Todd Fraser. On this appeal, Boyer argues that the District Court abused its discretion in granting primary physical residence to Fraser and in considering evidence regarding her pre-divorce conduct as part of the evidence evaluated in reaching its decision. We disagree and affirm the judgment of the District Court.

[¶ 2] The parties were married in 1990. Their son, Michael, was born in 1991. In 1994, a judgment of divorce was entered based in part on a written agreement. In that agreement, the parties undertook to share parental rights and responsibilities, with Michael's primary physical residence with Boyer. Fraser was permitted to "visit and be visited by the child at all reasonable and proper times, including but not limited to having the child for three nights every week...."

[¶ 3] Both parties have remarried after the divorce. In September of 1995, Boyer filed a motion to amend the divorce agreement to obtain full custody of Michael to facilitate a move to Ohio with her new husband. Fraser filed a responding motion to amend the divorce judgment to allocate to him primary physical residence of Michael.

[¶ 4] A hearing was held on the motions in April 1996. Over Boyer's objections, the court admitted evidence offered by Fraser regarding Boyer's pre-divorce conduct. The court also admitted evidence regarding Todd Fraser's pre-divorce conduct, the post-divorce conduct of both parties and the difficulties between the parties both before and after the divorce.

[¶ 5] After hearing, the District Court found that:

Given the history of their marriage, and the history of their respective performances as parents during the course of that marriage and subsequent thereto, that [Fraser] is substantially the more responsible of the two parents and substantially the more stable of the two parents.

Accordingly, the court granted primary physical residence of Michael to Fraser. The court ordered that Boyer would have visitation rights for eight weeks during the summer, ten days during Christmas vacation, and seven days during April vacation. Boyer appealed, and the Superior Court affirmed the order.

[¶ 6] Where, as here, the Superior Court acts as an intermediate appellate court, this Court reviews directly the decision of the District Court. *Cloutier v. Lear,* 1997 ME 35, ¶ 2, 691 A.2d 660, 661. "On appeal, the court's decision to modify a custody order will only be disturbed if the factual findings on which it is based are clearly erroneous or if it has abused its discretion in crafting the new order." *Ehrlich v. Bloom,* 585 A.2d 809, 812 (Me.1991).

[¶ 7] Either parent may move the court to modify an order regarding parental rights and responsibilities as circumstances require. 19 M.R.S.A. § 752(12) (Supp.1996), *repealed by* P.L.1995, ch. 694, § B–1 (effective October 1, 1997) and recodified as 19–A M.R.S.A. § 1657 (1998).

[¶ 8] Section 752(12) provided that: "The relocation, or intended relocation, of a child resident of this state to another state by a

parent, when the other parent is a resident of this State and there exists an award of shared or allocated parental rights and responsibilities concerning the child," is a substantial change of circumstances justifying review of any preexisting order governing parental rights and responsibilities. 19 M.R.S.A. § 752(12) (Supp.1996); *see Rowland v. Kingman,* 629 A.2d 613, 615 (Me. 1993).

[¶ 9] Boyer argues that principles of res judicata should bar the District Court from considering evidence of pre-divorce conduct in evaluating a post-divorce motion for change of parental rights and responsibilities. Because the original divorce was granted by the court pursuant to an agreement, however, the parties did not litigate issues of their pre-divorce conduct and parenting.

[¶ 10] This is not a case like *Cloutier,* where we upheld a trial court's excluding evidence of events before a previous custody hearing in determining if a substantial change of circumstances had occurred. 1997 ME 35, ¶ 3, 691 A.2d at 662. The central issue in such "substantial change" hearings is what has occurred since the last court order. Post-order events are the primary focus of the court's concern in such hearings. Here there is no issue of substantial change of circumstances; that issue is established by operation of law. 19 M.R.S.A. § 752(12) (Supp.1996). With substantial change of circumstances established by law, and some change in the parental rights order required by Boyer's move to Ohio, the issue for the court was what modification of the preexisting custody order was in Michael's best interest. *See Cloutier,* 1997 ME 35, ¶ 8, 691 A.2d at 663.

[¶ 11] In this case the court heard the motion to change the primary physical residence of the child approximately two years after the divorce. The relative quality of the parties' parenting had not previously been litigated, and with a four night—three night split of the child's residence, the original divorce order did not suggest that either parent had been assigned a dominant amount of time with Michael. In these circumstances where the court was required, for the first time, to assign one parent a dominant

relationship with the child, evidence of relatively recent pre-divorce conduct was relevant, along with all of the evidence of post-divorce conduct. Accordingly, the District Court did not abuse its discretion in admitting evidence of the parties' pre-divorce conduct to serve as a contextual basis for evaluating post-divorce conduct.

[¶ 12] Decisions on admissibility of evidence are an area where we accord trial courts considerable discretion. A ruling excluding the evidence at issue here, considering the remoteness in time of the conduct, the potential to reopen old disputes that may have a detrimental effect on the child, or the risk of unduly extending the proceeding, could also have been within the trial court's discretion. The relevance and admissibility of such pre-divorce evidence in post-divorce hearings must be evaluated based on the issues and circumstances of each case.

[¶ 13] Boyer also argues that the District Court's granting primary physical residence of Michael to Fraser is unsupported by the evidence, particularly in light of the child's expressed preference and the guardian ad litem's recommendation supporting primary physical residence with Boyer. The District Court, however, is in the best position to evaluate the evidence in such cases involving difficult determinations of best interest of the child as between two competing parents. The District Court did not abuse its discretion in this case.

The entry is:

Judgment affirmed.