MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:      2015 ME 133
Docket:        Ken-14-238
Argued:        September 16, 2015
Decided:       October 20, 2015

Panel:         SAUFLEY, C.J., and <u>ALEXANDER</u>, MEAD, GORMAN, JABAR, HJELM, and
               HUMPHREY, JJ.

BRUCE F.C. GOMBERG

v.

CRISTINA C. GOMBERG

ALEXANDER, J.

[¶1]   In this appeal we are called upon to review whether a substantial
change of circumstances can be demonstrated, warranting a change in a spousal
support order, when the original divorce judgment was entered by agreement, a
subsequent modification of spousal support was entered by agreement, and the
relevant financial circumstances, known at the time of the divorce and the
subsequent agreed-upon modification order, have not changed in a material way.

[¶2]   Bruce F.C. Gomberg appeals from an order of the District Court
(Augusta, *Dobson, J.*) modifying a prior spousal support award.  He contends,
among other arguments, that the court abused its discretion when it modified the
award because (1) it compared the financial circumstances of the parties to their
circumstances at the time of the most recent spousal support order, rather than to

their circumstances at the time of the original divorce judgment, and (2) it did not find a substantial change in circumstances based upon Bruce's income or Cristina C. Gomberg's employment status or earning capacity. We affirm.

## I. CASE HISTORY

[¶3] The parties were divorced in March 2011 by a judgment of the court (*Mullen, J.*) that incorporated a settlement agreement. Based on that agreement, the court ordered Bruce to pay to Cristina $225,000 annually in spousal support and $18,000 annually in child support. The court also ordered—based on the parties' agreement—that Bruce's annual obligation for spousal support would increase to $243,000 when his child support obligation ceased. There was no temporal limit to the spousal support award. The order did not include factual findings that can be important for a potential future review of a support award. *See* 19-A M.R.S. § 951-A(5) (2014).

[¶4] In December 2011, less than a year after it was entered, Bruce moved to modify the judgment, alleging that the minor child was living with him and that his income had decreased substantially. In June 2012, the court (*Dobson, J.*) approved another agreed-upon order, which incorporated a second settlement agreement by the parties. That order terminated the child support obligation and required Bruce to pay to Cristina a lump sum for overdue spousal support. In addition, the court's order modified the spousal support award by reducing Bruce's

spousal support obligation to $169,000 per year for two years, beginning on February 24, 2012. The order stated that, on February 24, 2014, "spousal support will return to the original amount set forth in the settlement agreement of [$243,000 annually] unless either party files a motion to modify." Like the 2011 divorce judgment, the 2012 order that modified the judgment contained no factual findings.

[¶5]   In April 2013, Bruce filed a second motion to modify, seeking to reduce or terminate his spousal support obligation. After a contested hearing on that motion, the court (*Dobson, J.*) found facts concerning both the 2011 judgment and the 2012 order modifying the judgment. With regard to the circumstances existing at the time of the agreed-upon divorce judgment, the court made the following findings:

> (1) Bruce is an orthopedic surgeon, and the parties agreed to use $670,000 as his gross income for purposes of calculating child and spousal support.

> (2) Cristina had been unemployed since 2005 or 2006, and the parties agreed to use zero as her gross income, although she had worked in the past and had recently turned down a job offer.

> (3) Bruce was forty-nine and Cristina was fifty-eight.

With regard to the circumstances that existed at the time of the 2012 agreed-upon modification, the court made the following findings:

4

(1) Bruce had voluntarily left his former position and had accepted an offer at a different hospital.

(2) His total gross income was $479,000.

(3) Cristina remained unemployed, a status unchanged since 2005 or 2006.

(4) Bruce was fifty, and Cristina was sixty.

Based on those findings, which are supported by the record, the court granted Bruce's motion in part, finding a substantial change in circumstances because the value of the marital home, which had been awarded to Bruce in the divorce judgment, had decreased.[1] The court adjusted Bruce's spousal support award to accommodate for the loss in property value but otherwise declined to adjust the award.

[¶6] The court determined that the 2012 order was the most recent final order and found that, except for the change in the value of Bruce's property, the parties' financial circumstances had not changed substantially since that time. It found that Bruce's gross income would be $485,000 in 2014 and $477,500 in 2015, and it found that Cristina remained unemployed. Although the court found

---

[1] The original divorce judgment did not indicate any relationship between the agreed-upon marital property division and the agreed-upon spousal support award. Because Cristina did not cross-appeal, we do not address the propriety of the court's consideration of the decrease in value of an asset awarded as part of the marital property division when the court was considering whether to grant a motion to modify spousal support under the circumstances of this case. *See Hughes v. Morin*, 2000 ME 135, ¶ 7 n.3, 755 A.2d 513 (stating that "[a] court may not, . . . 'under the guise of a clarification order make any material change that will modify the property division provided by the original judgment'" (quoting *Bliss v. Bliss*, 583 A.2d 208, 210 (Me. 1990))).

that Cristina does have the ability to earn income, it declined to consider work capacity as a factor in modifying the award because Cristina's ability to work had not changed. At the time of the court's order, Bruce was fifty-two and Cristina was sixty-one.

[¶7] Based on its findings, the court ordered a downward adjustment of $20,000 per year for a period of ten years to accommodate an estimated loss of $204,000 in the value of the house, but it otherwise maintained the support award at the amount to which the parties had twice agreed in the prior orders.

[¶8] Bruce appealed. *See* 19-A M.R.S. § 104 (2014); 14 M.R.S. § 1901 (2014); M.R. App. P. 2.

## II. ANALYSIS

[¶9] As the party with the burden of proof on the motion to modify, *see Ellis v. Ellis*, 2008 ME 191, ¶ 11, 962 A.2d 328, Bruce's burden on appeal is to demonstrate that the record compelled a contrary result in this case. *See Westleigh v. Conger*, 2000 ME 134, ¶ 12, 755 A.2d 518. Bruce bargained for a modified spousal support award in 2012, but the order memorializing his agreement with Cristina did not indicate the factors that led to the order and left unclear what a court was to do in the event that one of the parties filed a motion to modify before the two-year period ended.

[¶10]    Bruce suggests that the court should have interpreted its prior judgment to indicate that the agreed-upon return to the original spousal support amount would be stayed or even barred simply by the filing of a motion to modify. When a trial court acts to clarify an ambiguity in its judgment, the trial court's interpretation of the ambiguity is reviewed for an abuse of discretion. *See State v. Forbis,* 2004 ME 110, ¶ 7, 856 A.2d 621; *Thompson v. Rothman*, 2002 ME 39, ¶¶ 6-8, 791 A.2d 921. The trial court evidently interpreted its prior order to mean that either party could file a motion to modify spousal support but that such a motion by itself would not prevent spousal support from increasing to the agreed-upon higher amount stated in the order. That interpretation has not been demonstrated to be an abuse of discretion.

[¶11]   When considering a motion to modify spousal support, the trial court looks for a substantial change in the financial circumstances of the parties since the most recent final order, and, if it finds a substantial change in circumstances, it may order a modification of the support award if justice requires. *See* 19-A M.R.S. § 951-A(4) (2014); *cf. Smith v. Rideout*, 2010 ME 69, ¶¶ 16-17, 1 A.3d 441. Whether a substantial change in circumstances exists is a factual finding that we review for clear error. *Ellis*, 2008 ME 191, ¶ 15, 962 A.2d 328.

[¶12]   Bruce argues that the court erred by comparing the parties' current financial circumstances to their circumstances at the time of the 2012 order

because, he contends, the 2012 order was a "temporary order." Cristina argues, and the motion court determined, that the 2012 order was the most recent final order. The 2012 order permanently disposed of the first motion to modify; it approved a two-year reduction in spousal support and then ordered a return to the original agreed-upon amount of spousal support, to continue without any time limitation; and it did not state that it was to be treated as a temporary order or that the 2011 divorce judgment was to be the point of comparison for a future motion to modify. Therefore, Bruce has not demonstrated that the trial court erred when it determined that the 2012 order was the most recent final order.

[¶13] A comparison of the parties' present financial circumstances to their circumstances at the time of the 2012 order does not compel a finding that Bruce's income, Cristina's unemployment, or Cristina's earning capacity constituted a substantial change in circumstances. Bruce's income has remained largely unchanged ($479,000 in 2012; $485,000 in 2014; $477,500 in 2015), Cristina has remained unemployed throughout all of the court proceedings, and her work history and training are unchanged.

[¶14] Further, because the court did not err by finding no change in the parties' financial circumstances except for the loss of value in the house, we cannot say that the court abused its discretion by declining to consider Cristina's earning

capacity and related factors, which played no part in the previous agreed-upon spousal support orders, when it modified the support award.

[¶15]  Bruce's remaining arguments on appeal address discretionary choices by the court, such as its order regarding attorney fees.  No abuse of discretion has been demonstrated regarding these issues.

The entry is:

>Judgment affirmed.

---

**On the briefs and at oral argument:**

Ronald P. Lebel, Esq., Skelton Taintor & Abbott, Auburn, for appellant Bruce F.C. Gomberg

Diane Dusini, Esq., MittelAsen, LLC, Portland, for appellee Christina C. Gomberg

Augusta District Court docket number FM-2010-327
FOR CLERK REFERENCE ONLY