MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:      2016 ME 87
Docket:        Aro-15-340
Submitted
 On Briefs:    April 21, 2016
Decided:       June 7, 2016

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, HJELM, and HUMPHREY, JJ.

RICHARD L. MARSTON

v.

ARMANDE C. MARSTON

MEAD, J.

[¶1]  Armande C. Marston appeals from a judgment of the District Court (Fort Kent, *Jordan, J.*) granting Richard L. Marston's motion to modify the parties' divorce judgment by reducing his spousal support obligation.  Armande contends, *inter alia*, that the court erred in considering whether Richard had proved a change in his income measured from the time of the divorce judgment in 1999, rather than from the time when a subsequent motion to modify spousal support was granted in 2008.  We agree and vacate the judgment.[1]

## I. BACKGROUND

[¶2]  Richard and Armande were divorced in 1999.  Concerning spousal support, the divorce judgment ordered Richard to pay Armande $2,500 per month

---

[1]  Because we vacate the judgment on the ground that the court erred in using Richard's 1999 income as a starting point, we do not reach Armande's other arguments on appeal.

2

until Armande's death or remarriage, "subject to review upon a significant change in the circumstances of either party, including a substantial change in [Richard's] income, currently $108,000."

[¶3]   Eight years later, Richard moved to modify his spousal support obligation on the ground that his impending retirement would result in a reduction in his income.  Pursuant to the parties' stipulation, the court amended the divorce judgment in 2008 by deleting the original spousal support order and substituting a new provision: "[Richard] shall pay [Armande] spousal support in the amount of $2,500 per month, until the death or remarriage of [Armande], or until such time that [Armande] permanently establishes residence in a nursing home or other assisted care living facility.  Spousal support shall then terminate."  Richard's financial statement dated April 25, 2008, which was admitted as an exhibit at the 2015 hearing discussed *infra*, reported total income of $5,530 per month, or $66,360 annually, from "Pensions/Annuities."   The financial statement is consistent with Richard's testimony at the 2015 hearing that he retired on September 1, 2007.

[¶4]   In February 2014, none of the terminating contingencies having occurred, Richard again moved to modify his spousal support obligation on several grounds, including that his income had decreased substantially since the divorce. In May 2014, the court (*Stitham, J.*) entered a case management order finding that

the condition in the original divorce judgment allowing for review if Richard's income changed substantially from the $108,000 threshold had survived the 2008 modification.

[¶5]  On May 22, 2015, the court (*Jordan, J.*) held a hearing on the motion at which Richard testified.  In assessing whether Richard had demonstrated a change in circumstances as to his income,[2] the court ruled, over Armande's objection,

> I thought . . . the benchmark is 2008 because that was [] the last time that it was [modified].  But then [the case management] order says that, "The 12/12/08 modification left intact a provision [that spousal support] shall be subject to review upon a significant change in the circumstances of either party, including a substantial change in [Richard's] income, currently $108,000."  That order . . . seems to indicate that the [$]108,000 was the benchmark.
>
> . . . .
>
> So [the case management order] made a finding that that's the ballpark you folks are in.  That's the groundwork.  So it seems to me that . . . it would be fundamentally unfair to change the focus at this point. . . . I believe I'm obligated to go forward with [the] previous ruling . . . .

[¶6]  Using Richard's income of $108,000 at the time of the 1999 divorce judgment as a benchmark, the court issued a written order finding that "[h]is income is substantially less than it was at that time," and, based in part on that finding, found that Richard had "proven a substantial change in circumstances

---

[2]  *See* 19-A M.R.S. § 951-A(4) (2015); *Gomberg v. Gomberg*, 2015 ME 133, ¶ 11, 125 A.3d 724.

4

justifying a modification of the spousal support award." The court reduced Richard's spousal support obligation to $1,250 per month. Armande appealed.

## II. DISCUSSION

[¶7] We recently reiterated the applicable test and standard of review:

> When considering a motion to modify spousal support, the trial court looks for a substantial change in the financial circumstances of the parties since the most recent final order, and, if it finds a substantial change in circumstances, it may order a modification of the support award if justice requires. Whether a substantial change in circumstances exists is a factual finding that we review for clear error.

*Gomberg v. Gomberg*, 2015 ME 133, ¶ 11, 125 A.3d 724 (citations omitted); *see* 19-A M.R.S. § 951-A(4) (2015) ("An award of spousal support . . . is subject to modification when it appears that justice requires . . . ."). As the party seeking modification, Richard bore "the burden of establishing a substantial change in circumstances justifying a modification." *Ellis v. Ellis*, 2008 ME 191, ¶ 11, 962 A.2d 328 (quotation marks omitted). The trial court's ultimate decision to modify spousal support is reviewed for an abuse of discretion. *Id.* ¶ 15.

[¶8] On these facts, the key provision of the *Gomberg* test is the requirement that a court considering a motion to modify spousal support "look[] for a substantial change in the financial circumstances of the parties *since the most recent final order*." *Gomberg*, 2015 ME 133, ¶ 11, 125 A.3d 724 (emphasis added). The most recent final order in this case was the 2008 judgment granting

Richard's motion to modify spousal support.[3] At that time, Richard's income was substantially less than it was at the time the original divorce judgment was entered. Accordingly, it was error for a court considering the post-2008 motion to modify to determine whether Richard had met the lower burden of proving a substantial change from his 1999 income of $108,000, rather than determining whether he had met the more challenging burden of proving a substantial change from his significantly lower 2008 income. Although the trial court (*Jordan, J.*) appropriately concluded that the order issued earlier by another judge established the benchmark for the spousal support modification analysis, that order reflected an error of law.

[¶9] Although the court based its ultimate conclusion that Richard had proved a substantial change in circumstances on more than just the change in his income between the 1999 and 2015 judgments,[4] "[w]e cannot say that it is highly probable that that ruling was not affected by the clearly erroneous finding." *Dunning v. Dunning*, 495 A.2d 821, 824 (Me. 1985) (applying a harmless error test to a "clearly erroneous finding of [a party's] potential earnings"); *see Remick v. Martin*, 2014 ME 120, ¶ 10, 103 A.3d 552 (stating, after concluding that the trial

---

[3] The court's order granting the motion simply incorporated the parties' stipulation; the court made no separate factual findings.

[4] For example, the court found that Richard had significantly depleted his retirement account in order to pay spousal support.

court erred in making a finding that it then relied on to deny a motion to enforce a provision of a divorce judgment, that, "Because these unsupported findings did form the basis of the court's conclusion, they are not harmless errors.") Accordingly, we must vacate the judgment and remand for further findings using Richard's 2008 income as the benchmark by which to determine a change in circumstances as to that factor in the court's analysis.

The entry is:

> Judgment vacated. Remanded for further proceedings consistent with this opinion.

---

**On the briefs:**

Alan F. Harding, Esq., Hardings Law Office, Presque Isle, for appellant Armande C. Marston

Scott G. Hunter, Esq., Solman & Hunter, P.A., Caribou, for appellee Richard L. Marston

Fort Kent District Court docket number FM-2008-35
FOR CLERK REFERENCE ONLY