MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2016 ME 150
Docket:      Fra-15-609
Argued:      September 13, 2016
Decided:     October 13, 2016

Panel:       SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, HJELM, and HUMPHREY, JJ.

MARK A. AMERO

v.

MARIA C. AMERO

MEAD, J.

[¶1]   Maria C. Amero appeals from a judgment of the District Court (Farmington, *Dow, J.*) terminating a prior spousal support award based on its finding that Maria was cohabiting with an adult partner, which triggered termination of the support pursuant to the parties' divorce judgment.  Maria contends that there was insufficient evidence supporting the court's finding of cohabitation.  We find no error and affirm the judgment.

## I.  BACKGROUND

[¶2]   Mark and Maria divorced in 2006 after over thirty years of marriage.  The court (*McElwee, J.*) entered a divorce judgment in September 2006 that ordered Mark to pay Maria general spousal support in the amount of $1,100 per month.  The award was subject to certain conditions, including

2

that it "shall terminate upon . . . [Maria]'s remarriage or cohabitation with an adult partner."[1]

[¶3]  In April 2015, Mark filed a motion to modify the spousal support award, alleging that Maria was cohabiting with an adult partner, thereby triggering termination of the support award pursuant to the terms of the parties' divorce judgment.  Mark amended his motion to modify in September 2015, reiterating his assertion that Maria was cohabiting with an adult partner and citing an impending change in his financial circumstances due to his upcoming retirement.  The court held a testimonial hearing in November 2015 at which Mark and Maria were the only witnesses.

[¶4]  The trial court issued an order in November 2015 finding "by a preponderance of the evidence [that Maria] has cohabitated with an adult partner . . . since some time in 2010," but it did not elaborate on the basis for this finding.  Because the court determined that Maria was cohabiting with an adult partner, it ordered termination of the spousal support award pursuant to the divorce judgment.  The court declined to analyze the alternative

---

[1] The full spousal support provision in the divorce judgment provides:

> Upon consideration of the relevant factors of 19-A M.R.S.A. § 951-A(5), the plaintiff shall pay general spousal support to the defendant in the amount of $1,100 per month commencing on September 1, 2006, which shall be tax deductible to the plaintiff, taxable to the defendant, shall not be increased, and shall terminate upon the death of either party or upon the defendant's remarriage or cohabitation with an adult partner, subject to a minimum period of three years.

question of whether a substantial change in circumstances warranted modification because it deemed the finding of cohabitation a sufficient basis on which to terminate support.

[¶5] Neither party moved for further findings of fact pursuant to Rule 52(b) of the Maine Rules of Civil Procedure. Maria timely appealed, challenging the court's determination that she was cohabiting with an adult partner.

## II. DISCUSSION

[¶6] We review a trial court's factual findings for clear error, which exists if "there is no competent evidence in the record to support the finding, the finding is based on a clear misapprehension by the trial court of the meaning of the evidence, or if the force and effect of the evidence, taken as a total entity, rationally persuades to a certainty that the finding is so against the great preponderance of the believable evidence that it does not represent the truth and right of the case." *Violette v. Violette*, 2015 ME 97, ¶ 15, 120 A.3d 667 (quotation marks omitted). We will not overturn a factual finding "simply because an alternative finding also finds support in the evidence[, and w]e defer to the trial court's determination of witnesses' credibility and its resolution of conflicts in testimony." *Id.* (quotation marks omitted). As noted

4

above, there was no motion for further findings of fact, so "we must assume the trial court made all findings necessary to support its judgment, but only to the extent that those findings are supported by competent record evidence." *McLeod v. Macul*, 2016 ME 76, ¶ 9, 139 A.3d 920 (quotation marks omitted); *see also* M.R. Civ. P. 52(b).

[¶7] We review the trial court's ultimate decision to modify spousal support for an abuse of discretion. *Pettinelli v. Yost*, 2007 ME 121, ¶ 11, 930 A.2d 1074.

[¶8] The court found that Maria was cohabiting with an adult partner since some time in 2010, triggering cessation of the support pursuant to the terms of the parties' divorce judgment. Maria's own testimony about her living circumstances provides some support for this finding. Specifically, she testified that, in 2010, she began a sexual relationship with an adult partner that lasted for approximately a year. She rented housing at that time, and her partner was homeless. That year, Maria purchased a "big rig" truck, which she registered in her partner's name. Maria "lived across the states" in the truck for about one year, and her partner was the sole driver of the truck. After that,

Maria and her partner moved into a condominium where they lived together for three to four years.[2]

[¶9]   Maria explained that she and her partner now live in another condominium, where they maintain separate living quarters; Maria lives on the first floor and her partner lives on the lower level.  She told the court that the two have separate beds and bathrooms but that the home has only one shower, which they share.  Maria testified that she attends to her partner's personal healthcare needs, shops for his groceries, and provides care for his son with special needs when he visits, including taking him to school.  Finally, Maria told the court that her partner gives her money for his portion of the rent and does not contribute to her food or housing expenses.

[¶10]   The parties' divorce judgment does not specifically define "cohabitation," but it was not required to do so.  *See Wandishin v. Wandishin*, 2009 ME 73, ¶ 15, 976 A.2d 949 ("The term[ 'cohabitation'] . . . does not require further definition in a divorce order.  Application of the term after entry of the divorce may depend on discrete factual situations that may be difficult to predict and anticipate through a more specific definition.").  We have defined "cohabitation" as "maintaining a relationship with another

---

[2]  The record is not entirely clear as to the specific dates that Maria and her partner lived at each of their residences.

6

person that is the practical equivalent of marriage."[3]  *Charette v. Charette*, 2013 ME 4, ¶ 10, 60 A.3d 1264 (quotation marks omitted); Levy, *Maine Family Law* § 8.4[1] at 8-21 (8th ed. 2013) (quotation marks omitted).

[¶11]  There is competent evidence in the record to support the trial court's finding that Maria was, and is, cohabiting with an adult partner in a marriage-like relationship.  Notably, Maria admitted that she and her partner, with whom she had an intimate relationship in the past, lived with one another in the same condominium for a period of several consecutive years and continue to live together in another condominium.  As to the time before they began living in the condominiums, the record supports the inference that Maria and her partner lived in a truck together for about a year, as Maria testified that she "lived across the states" in the truck while her partner drove it.

[¶12]  Furthermore, the record and appropriate inferences support the notion that Maria and her partner maintained a marriage-like relationship. The two had a year-long sexual relationship beginning in 2010 and have

---

[3]  In her brief, Maria references 19-A M.R.S. § 951-A(12) (2015), which provides that "an order awarding spousal support is subject to modification to terminate spousal support when it can be shown that the payee and another person have entered into a mutually supportive relationship that is the functional equivalent of marriage that has existed for at least 12 months of a period of 18 consecutive months."  We note that this statute is not implicated in this case because the court's termination of spousal support was based on a provision in the parties' divorce judgment—not on the statutory basis for cessation of spousal support due to cohabitation.

maintained at least a close, interpersonal relationship since then, demonstrated by how Maria tends to her partner's personal healthcare needs, shops for his groceries, and provides care for his son. Furthermore, despite their allegedly separate living spaces, the record supports the inference that Maria and her partner have access to each other's areas in the residence at which they currently reside. There is also evidence in the record that Maria and her partner have some level of financial dependence on one another: the two are invested in a truck, which was paid for by Maria and registered in her partner's name; and Maria pays rent to the landlord on behalf of them both, though she testified that her partner reimburses her for his portion. Finally, the court could have inferred financial dependence and a marriage-like relationship from the fact that Maria and her partner elected to move together to at least two different homes and have lived with each other for a period of several consecutive years.

[¶13] Although Maria contended at the modification hearing that she and her partner no longer have a romantic relationship and that they maintain separate living quarters and finances, "the court, as fact-finder and sole arbiter of witness credibility, was free to selectively accept or reject portions or all of" her testimony. *Efstathiou v. Efstathiou*, 2009 ME 107, ¶ 12, 982 A.2d

339; *see also Pelletier v. Pelletier*, 2012 ME 15, ¶ 13, 36 A.3d 903

("Determinations of witness credibility are uniquely within the fact-finder's

authority, and the fact-finder is free to discount or entirely ignore testimony

the fact-finder finds incredible." (quotation marks omitted)).  In light of this

level of discretion and the absence of a motion for further findings pursuant to

Maine Rule of Civil Procedure 52(b), we conclude that the court's finding that

Maria and her partner were cohabiting was not clearly erroneous.[4]

[¶14]  The plain language of the parties' divorce judgment provides that

the spousal support award terminates if Maria cohabits with an adult partner,

and the finding of cohabitation provided a sufficient basis for the court's

decision to terminate the support award.  Accordingly, the court did not abuse

its discretion when it terminated the spousal support award.

The entry is:

Judgment affirmed.

---

[4] Any error in regard to when the cohabitation began is harmless and does not provide grounds for vacating the court's order.  *See* M.R. Civ. P. 61.  That Maria cohabited with an adult partner at *any* time after the divorce judgment was issued is sufficient to trigger termination of spousal support pursuant to the divorce judgment, subject only to the judgment's prescribed minimum of three years of support.  *See supra* note 1.  The court declined to terminate the support retroactively, so the specific date when cohabitation began is not of consequence.

**On the briefs and at oral argument:**

James P. Howaniec, Esq., Lewiston, for appellant Maria C. Amero

David M. Sanders, Esq., Sanders & Hanstein, P.A., Farmington, for appellee Mark A. Amero

Farmington District Court docket number FM-2005-160
FOR CLERK REFERENCE ONLY