MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:       2017 ME 132
Docket:         Ken-16-326
Submitted
 On Briefs:     May 25, 2017
Decided:        June 27, 2017

Panel:          SAUFLEY, C.J., and ALEXANDER, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

JEAN DUPUIS

v.

STANLEY G. ELLINGWOOD et al.

GORMAN, J.

[¶1]   Jean Dupuis appeals from a judgment of the Superior Court (Kennebec County, *Murphy, J.*) declaring the ownership of and easement rights to certain property on Dupuis's complaint against Stanley G. Ellingwood and Sylvia C. Ellingwood.  Dupuis contends that the court erred by concluding that, except for a limited area where a structure had been built, the Ellingwoods' express easement to lakefront property in Readfield has not been extinguished either by the Ellingwoods' abandonment of the easement or by Dupuis's adverse possession of the easement.  We affirm the judgment.

I.  BACKGROUND

[¶2]  On November 28, 2012, Dupuis initiated an action in the Superior Court against the Ellingwoods in which he sought a declaratory judgment that

2

he owns title to certain lakefront property and that any easement rights the Ellingwoods once may have had to that same property have been extinguished.[1]

[¶3]  After a jury-waived trial, by judgment dated March 30, 2016, the court made the following factual findings, which are supported by competent record evidence.  Dupuis and the Ellingwoods own property on Lake Maranacook in Readfield, in "what the parties sometimes refer to as the Touisset Point Development."  Dupuis is the title owner of two unnumbered lots in the development.  He purchased an unnumbered lot to the west of Lot 13 in 1996 and a second unnumbered lot to the east of Lot 14 in 2000; together, the two lots constitute what was identified on the original plan as the "Beach Area."  Each lot has one hundred feet of shore frontage.  The 2000 conveyance was subject to the following language in Dupuis's deed: "This conveyance is subject to rights, if any, others may have to use the beach area . . . ."

[¶4]  In 1969, the Ellingwoods acquired Lots 33-38 in the same development with the following language in their deed: "Also conveying to the

---

[1] Barbara Dupuis was also a plaintiff when the initial complaint was filed, but she conveyed her interest in the property to Jean Dupuis while these proceedings were pending.  Dupuis also named Karen L. Libby, Linda J. Libby, and Ellen M. Libby as defendants.  None of these persons is a party to the current appeal.

grantees and those claiming under them the right of joint use with the said grantor and those claiming under him of the private beach area to be constructed. Such area to contain 100 feet of lake frontage." The court concluded that the Ellingwoods enjoy an express easement to use the Beach Area based on this language in their deed to Lots 33-38, in combination with the language of Dupuis's 2000 deed.

[¶5] The court next considered whether the Ellingwoods' easement had been extinguished—either by their abandonment of the easement or by Dupuis's adverse possession of the easement. First, the court determined that the Ellingwoods, by their own concession, had abandoned that portion of the easement on which structures are located. The court determined, however, that Dupuis failed to prove the Ellingwoods' abandonment of the shorefront portion of the Beach Area.

[¶6] As to Dupuis's claim that he extinguished the Ellingwoods' easement to the shorefront portion of the Beach Area by adverse possession, the court found that Dupuis was on notice from his 2000 deed that others claimed the right to use the Beach Area, and that Dupuis's recognition of those rights was further demonstrated by his attempts to obtain deeds from neighbors releasing their interests in the Beach Area. Based on these findings,

4

the court concluded that Dupuis failed to establish that he possessed the easement "under a claim of right." The court therefore entered a judgment in favor of the Ellingwoods declaring that they have the right to "access the beach area so long as their use of this express easement remains reasonable as required by law."[2]

[¶7]  The court denied Dupuis's motions for further findings of fact and conclusions of law, *see* M.R. Civ. P. 52(b), and to reconsider, *see* M.R Civ. P. 59(e). Dupuis appeals.

## II.  DISCUSSION

[¶8]  There is no dispute that Dupuis owns title to the Beach Area. Dupuis also does not challenge the court's determination that the Ellingwoods obtained an express easement to the Beach Area by virtue of their 1969 deed to Lots 33-38. This appeal thus entirely regards whether the Ellingwoods' express easement to the Beach Area has been extinguished.

[¶9]  Extinguishment of an easement may be established with proof of "(1) a history of nonuse coupled with an act or omission evincing a clear

---

[2]  The parties did not raise, and therefore the court did not consider, the issue of the scope or extent of the Ellingwoods' easement.

intent to abandon, or (2) adverse possession by the servient estate."[3] *Laux v. Harrington*, 2012 ME 18, ¶ 21, 38 A.3d 318. Dupuis challenges the court's decision in the Ellingwoods' favor as to both means of extinguishment of an easement. Because Dupuis was the party with the burden of proof of trial[4] and the court concluded that he did not meet that burden as to either means of extinguishment, we may disturb the trial court's findings of fact only if we determine that the court was compelled to find in Dupuis's favor. *See Androkites v. White*, 2010 ME 133, ¶ 12, 10 A.3d 677; *cf. Bolduc v. Watson*,

---

[3] Although we have traditionally referred to an easement as "abandoned" by either of these two means, that nomenclature is inapt and confusing, especially as applied to adverse possession; "abandonment" connotes an inquiry into the acts or omission of the easement holder, *see Gravison v. Fisher*, 2016 ME 35, ¶ 52, 134 A.3d 857, whereas adverse possession is primarily focused on the acts of the servient estate owner, *see Levis v. Konitzky*, 2016 ME 167, ¶ 21, 151 A.3d 20. Thus, we discuss abandonment and adverse possession as the two means by which to "extinguish" an easement because this is the language that more accurately reflects both possible circumstances.

[4] Our notation in *Gravison*, 2016 ME 35, ¶ 52, 134 A.3d 857, that extinguishment by abandonment and by adverse possession are both subject to a clear and convincing standard of proof is a misstatement of our prior decisions. Whereas the extinguishment of an easement by abandonment must be established by clear and convincing evidence, *Stickney v. City of Saco*, 2001 ME 69, ¶ 51, 770 A.2d 592, we have always held that adverse possession, including the extinguishment of an easement by adverse possession, may be proved by the less stringent preponderance of the evidence standard, *Levis*, 2016 ME 167, ¶ 21, 151 A.3d 20; *D'Angelo v. McNutt*, 2005 ME 31, ¶ 5, 868 A.2d 239; *Striefel v. Charles-Keyt-Leaman P'ship*, 1999 ME 111, ¶ 6, 733 A.2d 984. Notwithstanding our language in *Gravison*, we continue to adhere to the established standard that the extinguishment of an easement by adverse possession must be proved only by a preponderance of the evidence.

Further, although the court's express application of the preponderance standard here—rather than the proper clear and convincing standard—in considering the extinguishment of the easement by abandonment was error, that error was harmless; if Dupuis did not meet his burden pursuant to a preponderance standard, he necessarily did not meet his burden pursuant to the higher clear and convincing standard. *See* M.R. Civ. P. 61; *Mitchell v. Kieliszek*, 2006 ME 70, ¶ 20, 900 A.2d 719 (stating that an error is harmless when it is "highly probable that [it] did not affect the outcome of the trial").

6

639 A.2d 629, 630 (Me. 1994) (reviewing for clear error the court's finding that the plaintiff *did* meet his burden of establishing the extinguishment of an easement).

A.    Extinguishment by Abandonment

[¶10]    A party asserting the extinguishment of an easement by abandonment must establish, by clear and convincing evidence,[5] a "history of nonuse coupled with an act or omission evincing a clear intent to abandon." *Gravison v. Fisher*, 2016 ME 35, ¶ 52, 134 A.3d 857; *Stickney v. City of Saco*, 2001 ME 69, ¶ 51, 770 A.2d 592.  An act or omission indicating the intent to abandon "may be demonstrated only by an unequivocal act or failure to act that is decisive and conclusive and inconsistent with the further assertion of rights associated with the existence of the easement."  *Gravison*, 2016 ME 35, ¶ 52, 134 A.3d 857 (quotation marks omitted).  By way of example, the intent to abandon may be inferred from the easement holder's failure to object to the building of a permanent structure on the property if that structure "prevents the enjoyment of the rights granted by the easement."  *Id.* (quotation marks omitted); *see Bolduc*, 639 A.2d at 630; *Chase v. Eastman*, 563 A.2d 1099, 1102 (Me. 1989).

---

[5] *See supra* n.4.

[¶11]  Dupuis argues that he did establish the extinguishment of the Ellingwoods' easement by abandonment through the evidence that the Ellingwoods never objected to the building of structures or other improvements to the Beach Area, they never undertook any of their own improvements, no Ellingwoods had used the Beach Area since the 1970s, and the only users of any portion of the Beach Area were Dupuis and his family members.

[¶12]  As we held in *Gravison*, however, the court may find that a failure to object to the building of a structure results in the extinguishment of only a portion of the easement: "[I]f a structure obstructs only part of an easement and the easement holder continues using other unobstructed parts of the easement, failure to object to the structure may support a finding that the easement holder only abandoned the part of the easement that the structure obstructs."  2016 ME 35, ¶ 52, 134 A.3d 857.  In *Chase*, too, we upheld the trial court's determination that the failure to object to the erection of a structure resulted in an extinguishment of only a portion of the easement. 563 A.2d at 1102-03.  Consistent with *Gravison* and *Chase*, the court here concluded, by supported findings, that the Ellingwoods' express easement

concerning the Beach Area was extinguished by abandonment only where the structures were located.

[¶13] Although Dupuis further argues that the Ellingwoods presented no evidence of their use of the shorefront portion of the Beach Area, the court's findings were supported by evidence that the Ellingwoods' son had used the Beach Area at least until 2006. We therefore conclude that the trial court was not compelled to find that the Ellingwoods' easement to the shorefront portion of the Beach Area was extinguished by abandonment. *See Androkites*, 2010 ME 133, ¶ 12, 10 A.3d 677.

B.    Extinguishment by Adverse Possession

[¶14] When a title owner is attempting to show the extinguishment of an easement by virtue of the title owner's adverse possession of the easement, the elements the title owner must prove are identical to those an adverse possessor must prove to deprive the title owner of a fee interest. *Laux*, 2012 ME 18, ¶ 21, 38 A.3d 318. Thus, it was Dupuis's burden to establish, by a preponderance of the evidence,[6] that his use and possession of the shorefront portion of the easement to the Beach Area was "(1) actual, (2) open, (3) visible, (4) notorious, (5) hostile, (6) under claim of right, (7) continuous,

---

[6] *See supra* n.4.

(8) exclusive, and (9) of a duration of at least twenty years." *Levis v. Konitzky*, 2016 ME 167, ¶ 21, 151 A.3d 20.

[¶15]  The court determined that Dupuis failed to establish that he possessed the easement under a claim of right.  To demonstrate that he possesses property under a claim of right, a party must prove that he "is in possession as owner, with intent to claim the land as [his] own, and not in recognition of or subordination to the record title owner."  *Dombkowski v. Ferland*, 2006 ME 24, ¶ 12, 893 A.2d 599 (alteration omitted) (quotation marks omitted).

[¶16]  Dupuis argues that he proved that he treated the property wholly as his own through the evidence presented at trial detailing his use of and improvements to the property.  The court, however, found that Dupuis knew that his property was subject to the easement rights of others based on his knowledge of the language in his 2000 deed.  The court also noted that Dupuis's acts in obtaining release deeds from other neighbors, including his unsuccessful attempt to obtain a release deed from the Ellingwoods, manifested Dupuis's recognition of others' easement claims to the property.  Although Dupuis represents that he "requested confirmatory release deeds from neighboring property owners in order to clear the record title so that he

could obtain a mortgage loan and avoid bringing this action to quiet title," the court was free to disregard Dupuis's explanation and to infer that Dupuis was aware that his use of the easement was subject to and subordinate to the Ellingwoods' interest, and therefore was not used or possessed under a claim of right. *See Dionne v. LeClerc*, 2006 ME 34, ¶ 15, 896 A.2d 923; *Dombkowski*, 2006 ME 24, ¶ 12, 893 A.2d 599. The court was not compelled to find in Dupuis's favor.

The entry is:

Judgment affirmed.

---

Jon P. Plourde, Esq., and Norman J. Rattey, Esq., Skelton, Taintor & Abbott, Auburn, for appellant Jean Dupuis

Matthew W. Evans, Esq., Palermo, for appellees Sylvia C. and Stanley G. Ellingwood

Kennebec County Superior Court docket number RE-2012-94
FOR CLERK REFERENCE ONLY