MAINE SUPREME JUDICIAL COURT            Reporter of Decisions
Decision:      2024 ME 70
Docket:        Pen-23-383
Submitted
  On Briefs:   April 24, 2024
Decided:       September 17, 2024
Revised:       October 17, 2024

Panel:        STANFILL, C.J., and HORTON, CONNORS, LAWRENCE, and DOUGLAS, JJ.

JOHN A. JEWELL SR.

v.

CAROL L. BREWER

HORTON, J.

[¶1]  Carol L. Brewer appeals from a judgment of the District Court (Bangor, *Szylvian, J.*) modifying the parties' divorce judgment to terminate the $2,000 per month in general spousal support that the judgment had required John A. Jewell Sr. to pay to Brewer.  Brewer argues that the court erred in considering events occurring and circumstances existing before the most recently preceding final judgment in finding a substantial change in circumstances, and in terminating spousal support based in part on findings regarding the parties' earning capacities that lacked evidentiary support.  We agree with Brewer that there was no evidentiary support for the court's finding that Brewer has the capacity to earn income.  Accordingly, we vacate the

judgment and remand for the court to reevaluate whether there has been a substantial change in circumstances since the most recent judgment and, if there has been such a change in circumstances, to determine whether to modify spousal support.

## I.  BACKGROUND

### A.    The Events Preceding the Motion at Issue

[¶2]  The parties were married in October 1996, and Jewell filed a complaint for divorce in February 2018.  After a trial, the court (*Martin, J.*) entered a divorce judgment on March 18, 2019.  It found that Jewell, healthy at age forty-five, was a truck driver with an earning capacity of $80,000.  He was working for a company owned by his father and daughter.  The court found that, although he made efforts to obscure the extent of his involvement in the business, he was the company's actual owner and decision-maker and had received significant income from the business.  Brewer, at age forty-six, had been a stay-at-home parent with no job outside of the home since 2002, and the court found that she was fully disabled.  The court found that her earning potential was limited because she had no formal education or training.  Based on these findings, the court ordered Jewell to pay Brewer $2,000 per month in spousal support "indefinitely unless and until" Brewer either remarried or

3

cohabitated with another person as defined in a now-repealed statutory provision. *See* 19-A M.R.S. § 951-A(12) (2018), *repealed by* P.L. 2019, ch. 272, § 2 (effective Sept. 19, 2019).

[¶3]  After the divorce judgment was entered, Brewer repeatedly and successfully moved for contempt on the ground that Jewell had failed to comply with his spousal support obligation.  Between contempt proceedings, on January 31, 2020, Jewell moved to modify the divorce judgment to terminate his spousal support obligation based on his decreased earning capacity and Brewer's cohabitation with her boyfriend.

[¶4]  The court (*Lucy, J.*) entered a judgment on June 7, 2021, denying Jewell's motion to modify the divorce judgment because it found that Jewell had not proved a change in his circumstances and was continuing to play a "shell game" with trucking enterprises, now working for a business owned by his girlfriend.  The court found no evidence to demonstrate a change in Jewell's $80,000 earning capacity as found in the divorce judgment.  The court also found that Brewer remained disabled and that there had been no substantial change in circumstances based on Brewer's cohabitation because her living arrangement had not changed since the time of the divorce.  Jewell

unsuccessfully appealed to us from the denial of his motion to modify the judgment. *Jewell v. Jewell*, Mem-22-43 (May 10, 2022).

## B.     The Motion to Modify at Issue Here

[¶5]  On December 1, 2022, Jewell filed the motion to modify that is at issue here; he sought a modification of the divorce judgment to terminate his spousal support obligation, again alleging Brewer's cohabitation.  Brewer objected to the motion.[1]  The parties did not resolve the matter at mediation.

[¶6]  The court (*Szylvian, J.*) held a hearing on August 7, 2023.  Jewell, Brewer, and Jewell's wife testified.  The court entered a judgment on September 21, 2023, that included the following findings.  The company for which Jewell was working at the time of the divorce had gone out of business because profits were inadequate to sustain operations.  Jewell's then girlfriend, who has since become his wife, began operating a new business and picked up one of the contracts that the former business once held.  She hired Jewell as an employee and began to pay him approximately $850 per week.  After that business also ceased operations in 2019, she began a third business, again with Jewell as an employee.  For much of 2022, Jewell was voluntarily underemployed, but he returned to work for his now wife's company in

---

[1]  Each party also moved to enforce certain other provisions of the divorce judgment, but the court's rulings on those motions are not at issue here and we do not discuss them.

November 2022, earning approximately $1,000 per week. Jewell now has two young children with his wife.

[¶7] The court found that Brewer collects a modest disability income of $4,400 per year due to diagnoses of fibromyalgia and a back injury that cause her to experience pain if she sits or stands for a long period of time, such that she must alternate positions throughout the day to avoid pain. The court found that Brewer's testimony about her inability to work in various types of jobs was not credible. It found her testimony evasive when she was asked if she had performed specific work, including record-keeping work, for various businesses. The court determined that she had the capacity to work in part because she maintained detailed records of Jewell's payments as compared to his obligations over the years and Jewell trusted in her ability to keep good records. The court also found Brewer not to be credible in denying any awareness of what her cohabitating partner earns as a truck driver.

[¶8] The court found a substantial change in circumstances based on the births of Jewell's two minor children, Brewer's ability to work "in a post-pandemic labor market," and a decrease in Jewell's income from the $80,000 imputed to him to the $52,000 per year he is now able to earn. The court granted Jewell's motion to modify, eliminating the spousal support

obligation but requiring Jewell to pay Brewer $500 per month by direct deposit beginning on November 1, 2023, toward his $53,200 spousal support arrearage and $8,600 attorney fee debt.

[¶9]  Brewer did not seek additional findings of fact or conclusions of law. *See* M.R. Civ. P. 52.  She timely appealed from the court's judgment. *See* 19-A M.R.S. § 104 (2024); 14 M.R.S. § 1901(1) (2024); M.R. App. P. 2B(c)(1).

## II.  DISCUSSION

[¶10]  Brewer argues that the court erred in finding a substantial change in circumstances because the court relied in part on events occurring and circumstances existing before the most recent final judgment.  She contends that the evidence properly before the court showed that Jewell's earning capacity had not decreased and Brewer remained disabled.

## A.    Consideration of Pre-Divorce Evidence

[¶11]  In reviewing a decision on a post-divorce motion to modify, we review for an abuse of discretion a decision to admit and consider, over a party's objection, evidence of pre-divorce facts.  *See Fraser v. Boyer*, 1998 ME 253, ¶ 12, 722 A.2d 354.  Because Brewer raised no objection at trial, however, we review the admission and consideration of the evidence for obvious error. *See Jusseaume v. Ducatt*, 2011 ME 43, ¶ 11, 15 A.3d 714; *Gravison v. Fisher*, 2016

ME 35, ¶ 28, 134 A.3d 857, *abrogated in part on other grounds by Dupuis v. Ellingwood*, 2017 ME 132, ¶ 9 n.4, 166 A.3d 112.  Obvious error is "a seriously prejudicial error tending to produce a manifest injustice."  *Gravison*, 2016 ME 35, ¶ 28, 134 A.3d 857 (quotation marks omitted).

[¶12]  In acting on a motion to modify a divorce judgment, a court may consider evidence from before the entry of the divorce judgment in some circumstances.  *See Fraser*, 1998 ME 253, ¶ 12, 722 A.2d 354 ("The relevance and admissibility of . . . pre-divorce evidence in post-divorce hearings must be evaluated based on the issues and circumstances of each case.").  For instance, when the original divorce judgment is entered based on a settlement agreement, to determine whether there has been a substantial change in circumstances a court may need to consider the circumstances at the time of the divorce in more detail than the divorce judgment provides.  *See id.* ¶¶ 9-12.  In such instances, "evidence of the parties' pre-divorce conduct [may] serve as a contextual basis for evaluating post-divorce conduct."  *Id.* ¶ 11.

[¶13]  Here, the court—without objection from Brewer—admitted some evidence of Brewer's work history from before the entry of the divorce judgment.  The court was considering whether Brewer remained fully disabled, as had been found in the original divorce judgment and the judgment denying

Jewell's first motion to modify. Some of Brewer's testimony conflicted with the divorce court's findings about her work for family businesses during the marriage, which the court could consider for purposes of assessing Brewer's credibility. Because the court considered evidence of facts predating the previous divorce judgment and judgment denying Jewell's first motion to modify only to determine whether Brewer was credible in testifying that she *remains* unable to work, the court did not err, much less commit obvious error, in admitting and considering the evidence.

**B.  Evidentiary Support for the Court's Findings of Fact on Each Party's Earning Capacity**

[¶14]   "The party seeking modification of a spousal support award granted in a divorce judgment bears the burden of establishing a substantial change in circumstances justifying a modification." *Ellis v. Ellis*, 2008 ME 191, ¶ 11, 962 A.2d 328 (quotation marks omitted). If a party satisfies that burden of demonstrating a change in circumstances, the court may order a modification if "justice requires." 19-A M.R.S. § 951-A(4) (2024); *see Ellis*, 2008 ME 191, ¶ 11, 962 A.2d 328. Because Brewer did not move for findings of fact, "we must assume the trial court made all findings necessary to support its judgment, but only to the extent that those findings are supported by competent record

9

evidence." *Amero v. Amero*, 2016 ME 150, ¶ 6, 149 A.3d 535 (quotation marks omitted).

[¶15] "When considering a motion to modify spousal support, the trial court looks for a substantial change in the financial circumstances of the parties *since the most recent final order*, and, if it finds a substantial change in circumstances, it may order a modification of the support award if justice requires. Whether a substantial change in circumstances exists is a factual finding that we review for clear error." *Marston v. Marston*, 2016 ME 87, ¶ 7, 141 A.3d 1106 (emphasis added and quotation marks omitted). The determination of whether there has been a substantial change in circumstances is "based upon the payor's ability to pay spousal support, including his or her earning potential and assets, and not simply the payor's actual earnings at the time of the hearing." *Pettinelli v. Yost*, 2007 ME 121, ¶ 14, 930 A.2d 1074 (quotation marks omitted).

[¶16] "When determining whether there has been a substantial change in circumstances, a trial court may not engage in a reevaluation of the basis for the original award of spousal support." *McLeod v. Macul*, 2016 ME 76, ¶ 18, 139 A.3d 920. The circumstances that existed or were anticipated at the time of the

divorce judgment cannot be relitigated and are accepted as found in the divorce judgment. *See id.* ¶¶ 19-20; *Haag v. Haag*, 609 A.2d 1164, 1165 (Me. 1992).

[¶17]  For example, we held that it was error for a court to find that the payee's continued unemployment two years after the entry of a divorce judgment constituted a substantial change in circumstances when (1) the parties had agreed to the award of spousal support in consideration of the unequal division of marital property and (2) no evidence was presented at the hearing on the motion to modify that would demonstrate a change in the payee spouse's employment circumstances. *See McLeod*, 2016 ME 76, ¶¶ 2-3, 5, 19-21, 139 A.3d 920.  Similarly, we held that it was error for a court to consider the duration of the parties' marriage in ruling on a motion to modify when the divorce court already considered and ruled on the appropriateness of the award in light of the statutory presumptions that depend on the duration of the marriage. *See Pettinelli*, 2007 ME 121, ¶¶ 16-20, 930 A.2d 1074.  And where a divorce court had declined a payor spouse's request to include in the divorce judgment a provision terminating spousal support in the event of cohabitation, the payee's cohabitation could not constitute a substantial change in circumstances warranting a modification. *Haag*, 609 A.2d at 1165.

[¶18]  Here, the court found a substantial change in circumstances based on its findings that Brewer was no longer fully disabled, that Jewell had become responsible for his two young children, and that Jewell's earning capacity was thirty-five percent lower than the $80,000 earning capacity that was previously found.  Brewer is correct that, with respect to her earning capacity, the record contains insufficient evidence that she could find work in the post-pandemic labor market despite her disabilities.  Although the court found Brewer not to be credible with respect to her current earning capacity, Jewell offered no evidence regarding what work was available to Brewer or what Brewer could earn.  Although he could have sought discovery of additional information about Brewer's disability, *see* M.R. Civ. P. 112, or offered evidence regarding the availability of work that Brewer can perform, the record contains no such evidence.  Brewer's lack of credibility did not relieve Jewell of the obligation to prove through evidence that Brewer's earning capacity had changed since June 7, 2021.  *See Ellis*, 2008 ME 191, ¶ 11, 962 A.2d 328.  The court did not expressly find that Brewer could earn any specific dollar amount, and there is no evidence of Brewer's capacity to work at any of the positions suggested by the court.  We therefore are unable to infer from the evidence findings of fact sufficient to support the court's finding that Jewell had satisfied his burden of

proving a change in Brewer's earning capacity. The unsupported finding regarding Brewer's ability to work factored into the court's exercise of discretion in terminating spousal support. *See Durkin v. Durkin*, 2019 ME 32, ¶ 10, 203 A.3d 812. As a result, we must vacate the judgment as it relates to spousal support and remand for further proceedings.

## C.  Proceedings on Remand

[¶19]  When there is a substantial change in circumstances, both the payee's need and the payor's capacity to pay must be considered in determining spousal support, *Corcoran v. Marie*, 2011 ME 14, ¶ 18, 12 A.3d 71, and this balancing must be revisited here in light of our conclusion that the record lacks evidence of Brewer's capacity to work. On remand, the court must therefore reconsider whether there has been a substantial change in circumstances independent of that unsupported finding. *See, e.g.*, *Ellis*, 2008 ME 191, ¶ 16, 962 A.2d 328 (holding that a substantial decrease in income, increase in debt, and financial difficulties were sufficient to demonstrate a substantial change in circumstances). The court found that Jewell's responsibility for two young children[2] and his "income maintaining at a level of approximately $52,000 per

---

[2] The older of these two children was an infant in June 2021 when the court (*Lucy, J.*) entered the order denying Jewell's previous motion to modify. The second child had not yet been born and was only three months old at the time of the trial on the motion at issue here.

year, not the amount previously imputed to him," constituted a substantial change in circumstances. The undisputed evidence was that Jewell earned $1,000 per week—an amount greater than the $850 per week that he had been earning at the time of the most recently entered judgment.[3] Notwithstanding an increase in actual income, a court may find that evidence of actual earnings consistently below the earning capacity previously imputed undercuts the continuing vitality of the imputed capacity. Although the evidence does not support a finding of a substantial change in circumstances based on Brewer's earning capacity, we do not rule out the possibility of a finding on remand that other changes demonstrate a substantial change in circumstances since the previous judgment was entered; the court could, for instance, base such a finding on changes in Jewell's income, earning capacity, or ability to pay. *See Marston*, 2016 ME 87, ¶ 7, 141 A.3d 1106.

[¶20] Accordingly, we vacate the judgment and remand the matter for the court to determine whether there has been a substantial change in circumstances and, if there has been such a change, to exercise its discretion in

---

[3] In connection with Jewell's previous motion to modify, he testified that he was earning $720 per week. The court (*Lucy, J.*) did not find the $720 amount credible, in part because of evidence that Jewell's wife was advertising for an open position like Jewell's with pay of $900 per week. Jewell testified, for purposes of the second motion to modify, that he had been earning $850 per week at that time. The court (*Szylvian, J.*) believed that testimony.

determining spousal support based on the circumstances demonstrated in the evidentiary record, taking into account all pertinent factors. *See* 19-A M.R.S. § 951-A(5). These factors may include Jewell's ability to pay; the employment and income history and potential of each party; their education and training; their health and disabilities; Brewer's ability to become self-supporting, which may include consideration of the undisclosed earnings of her boyfriend; and any other relevant factors. *See* 19-A M.R.S. § 951-A(5)(B), (D)-(F), (I), (O), (Q).

The entry is:

> Judgment vacated. Remanded for further
> proceedings consistent with this opinion.

---

William J. Johnson, Esq., Bloomer Russell Beaupain, Bangor, for appellant Carol L. Brewer

John A. Jewell, appellee pro se

Bangor District Court docket number FM-2018-52
For Clerk Reference Only